# 3: CV 03 1058

## U.S. DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA (Scranton)

CIVIL DOCKET # 3:06-cv-        – Honorable James M. Munley
Scranton, Pennsylvania

Appeal from Bankruptcy – Middle District (WB)
Judge Fehling – Eastern Bankruptcy District Judge, sitting as designate
Adv. 06-50006

PETER KOVALCHICK, APPELLANT

VS.

JUDGE CYRUS DOLBIN, et al.

APPELLEES

FILED
SCRANTON

MAY 2 3 2006

PER _____
DEPUTY CLERK

**EMERGENCY MOTION FOR A STAY PENDING APPEAL
AND A MOTION TO TRANSFER THE ADVERSARY TO THE
DISTRICT COURT**
TO THE DEFENDANTS, Sprague, et al.

PETER KOVALCHICK, Pro Se
Mailing: 411 Schuylkill Avenue
Tamaqua, Pa.
(570) 497-0893

Appellant/Plaintiff/Debtor, Peter Kovalchick Motions this Court for an

Emergency Stay pending appeal and to transfer this bankruptcy adversary

Case to the Middle District, and in support of these motions is the

Following:

1. Peter Kovalchick filed a bankruptcy Petition in 2000, in Middle District Court

In Chapter 13.

2. Manipulations in that court by a creditor named R/S Financial Corp, resulted in

The Chapter 13 filing being dismissed, but allowing the filing in a Chapter 11.

3. In 2001, Appellant filed a Chapter 11 Petition, a creditor's meeting was held,

By then Attorney Mary France for the U.S. Trustee's Office.

4. The Appellant at that meeting was told by Mary France, to make sure his

Mortgage to Homecomings got paid.

5. Their was no creditor's committee formed through the Trustee's Office.

6. A renegade creditor, R/S Financial Corp. was allowed Relief from the stay

based on a representation that they were going to Schuylkill County to

try an ejectment claim, based on a 1983 Sheriff Sale.

7. The attorneys for R/S Financial, knew an ejectment count would not lie,

As to establishing the strength of a title held by them.

8. The deed they possess, recites a ficticious consideration of sale.

9. Their was no legitimate judicial sale, creditors and reputed owners,

- 2 -

Were not informed through an affidavit pursuant to Pa.R.C.P. 3129. No monies were

Obtained by the sheriff, to satisfy any lien holders according to priority of liens. The

Sheriff sale was never litigated, as the Schuylkill County judiciary, has refused to litigate

the matter, even at Quiet Title.

10. A bogus sale took place, advertising the land as unimproved and belonging

To Appellants parents.

11. Appellant is the victim of a fraud upon the court, involving a default judgment

Entered as a fraud upon the court, official court documents, clearly evidence that

Appellant was never served, and even with those documents in their hand, the

Attorneys for the R/S Financial, filed the default as a fraud upon the court, to get

Themselves a position standing above the law, including they themselves instructing

The Prothonotary to liquidate the judgment in excess of $1 million dollars, which

None of them had the authority to do.

12. The Appellee's, then ran with this fraud upon the court, now entering it's

23rd year of serial perpetrating, and has completely voided all constitutional

Safeguards afforded to litigants by law through a garnishment process and turned

It into a Quiet Title Process.

13. Numerous records in the County Court have been altered regarding the bogus

Sale, transferring of property, and the vacating of the default judgment, which has

Been whited-out in the official Defendant Judgment book for Schuylkill County.

- 3 -

14. Appellant, currently has four cases pending in this court, along with two

(which includes this appeal) Still awaiting to be forwarded to this court.

15. As a Debtor in Bankruptcy, this has become an oppressive burden, to the

Debtor/Appellant, trying to get his fresh start in bankruptcy, defend his estate rights,

And trying to preserve them for his bona fide creditors, which includes a Federal

Government, IRS claim, which for some reason, seems to be disappearing as to any

Security for them claim and was not Protected by the Trustee's Office.

16. The Debtor/Appellant, has sent numerous documents, evidence and pleadings

To the Attorney and the U.S. Trustee's Office, for their action.

17. Instead, the Attorney for the U.S. Trustee's Office, has been helping the

Renegade creditor, twice appearing with them, trying to dismiss Debtor's

Bankruptcy.

18. Judge Fehling of the Eastern District Court, has opined that this case

Upon the recusal of Judge Thomas and Judge France, should have been

Transferred to the Middle District Court, instead of him. (Noteworthy, for the

Record, is that Judge Fehling was a former advisor to Judge France).

19. Appellant/Debtor, now has two bankruptcy judge's, involved in different

Adversaries and his underlying bankruptcy, making competing rulings and

Dismissals, which has further perplexed this Appellant's Quest for justice

And a normal process for his bankruptcy.

20. In addition, the Appellant is having to litigant criminal prosecution for

- 4 -

Relying on a court order of Bankruptcy Judge Thomas, on June 30, 2005, which

Reimposed the Bankruptcy stay, because of a change in the status of the Estate,

Wherein Schuylkill County Judge Cyrus Dolbin, gave title to the property to

The R/S Financial, without having them establish their Sheriff's Deed, involving

The bogus sale, of an underlying judgment against parents of Appellant which was

Also procured through fraud, such sale which falsely advertised the property and

Did not disclose any improvements ( three family homes, belonging to Appellant

And his brothers, all duly recorded, at least 7-8 years earlier on all necessary records

In that courthouse). Also, the attorneys for R/S Financial, began sending thugs to

Destroy the estate home, while Appellant was way, and even rig up the electrical box

In a manner leaving the 220v. live with a metal bucket handle hanging out of it that

Could electrocute anyone unwaringly touching it, or if left alone long enough to burn

Down the home.  At a District Justice Hearing in February, 2006, a Raymond Spraggins

Of Sprague and Sprague, admitted to destroying various parts of the home, on the same

Day which the rigged up electrical box was discovered.

21.  The R/S Financial has been sued in 1984, by a successor sheriff, acting as sheriff,

Since they refused to pay their bid price, because they complained they could not

Get a clear title because of objections to the sale, including those of creditors.

22.  Creditors of the Kovalchick children knew nothing about the sale, and complained

Of the matter in bankruptcy court.

23.  In it's preliminary objections and answer to the Sheriff's lawsuit the R/S Financial

Attorneys, stated for the record, there was no sale.

24. Appellant has been a victim, in the process for 23 years, and the matter is a chaotic
Catastrophe, because of the unwillingness of these professional attorneys to follow the
Law, admit their wrong, and redress the wrongs.

25. Instead, all the more so, they have advanced the fraud upon the court, and the
Wrongdoing to the detriment to the Appellant, his bona fide creditors, the integrity of the
Court system and every family and person affected by the matter.

26. They have embroiled law enforcement agencies on a civil matter, to use as a tactical
Weapon to cover-up their wrongs, to dispossess Appellant of his estate, and to
Demoralize your Appellant, in a storm of trumped up litigation to further the injustice.

27. Appellant, asked Judge Fehling to recuse himself, when it was discovered the
closeness of his former law firm, to that of Sprague and Sprague. See, Exhibit "1".

28. Appellant, has even filed a Writ of Mandamus with the Third Circuit, and after
Presenting Rules why it could be processed by that court, has had no response.

29. Appellant, is beginning to wonder if it is possible to receive any normalcy or
Justice in his matter, in this Circuit due to political associations and how intertwined
The advancement of positions revolve around these considerations.

30. Currently, there are numerous federal lawsuits, and state appeals, complaining
Of an unsavory element existing in the judicial system of Schuylkill County, which
Is allowing the constitutional rights of it's citizens to be repeatedly violated, even with
The help of the District Attorney's office to cover up, violations and to be involved in

Unlawfully arresting and sending innocent victims to prison. There are no safeguards

being used on behalf Of it's citizens, as has been established by both state and federal

law.

31. Judge Fehling will not allow Appellant/Debtor to file as a normal course for

Any motion, without leave of court, and this Appellant/Debtor is already dehumanized

As to legal rights, and this will further delete and stifle justice.

WHEREFORE, Appellant asks for an immediate stay in the interests of justice,

Public policy, and to arrange this bankruptcy and adversaries in a manner that can

be logically adjudicated, according to a standard of meaningful lawful procedure.


Respectfully Submitted,

Peter Kovalchick
May 23, 2006

## CERTIFICATE OF SERVICE

I certify that a copy of Appellant's Motion for an Emergency Stay pending appeal and a motion to transfer Adversary 06-50006, To the U.S. District Court, Scranton, Pennsylvania, upon the following:

Thomas Groshens, Esq.
Sprague & Sprague
135 S. 19th Street
Phila., Pa.

A. Taylor Williams, Esq.
AOPC
1515 Market Street
Suite 1414
Philadelphia, Pa. 19102

D. Brian Simpson, Esq.
Asst. U.S. Attorney
228 Walnut Street
2nd Floor
Harrisburg, Pa. 17108-1754

Peter Kovalchick

May 23, 2006

.

# EXHBITS "1"

## MOTIONS TO DISQUALIFY FILED IN BANKRUPTCY AND THIRD CIRCUIT DEFAULT JUDGMENTS ENTERED

E C E I V

APR 1 1 2006

S.C.A. 3rd. CIR.

IN THE UNITED STATES COURT OF APPEALS
FOR THIRD CIRCUIT COURT

In re: Peter Kovalchick,                                  06-2083 Appeal Docket

                    Petitioner

---

On Petition for a Writ of Mandamus to Judge Richard Fehling
United States Bankruptcy Judge for the Eastern District of Pennsylvania,
Reading, Pennsylvania

---

## THIRD CIRCUIT JURISDICTION

---

1. Pursuant to The Third Judicial Circuit of the United States, Rules Governing

Judicial Misconduct, the Third Circuit may maintain jurisdiction over this matter.

2. The Chief Judge has authority, See Rule 2J, Rule 4, etc.

3. Petitioner is a Debtor in Bankruptcy Court, who has been made to become a litigating

Machine in five (5) different courts, since the Bankruptcy Code has not been followed

and F.R.C.P. as they were intended to be used. A Debtor should not be repeatedly

burdened in a bankruptcy process.

4. The Debtor, has the right to get a fresh start, and to make sure his bona fide creditors

are paid from his estate, not one renegade creditor that has used attorneys through

Fraud upon the court to steal his estate.

5. Your Petitioner has much more to add to his complaint of bias and unfair

administration of justice, based on a recent opinion of Judge Fehling, who has failed to

Disclose all relative matters to Petitioners complaint.

WHEREFORE, Peititoner prays the Third Circuit Court of Appeals will maintain

jurisdiction.

Respectfully Submitted,

Peter C. Kovalchick, Pro Se
Mailing Address:

411 Schuylkill Avenue
Tamaqua, Pa.  18252

(570) 497-0893

April 11, 2006

CERTIFICATE OF SERVICE

I certify that I have served a copy of Petitioner's Third

Circuit Jurisdiction Statement, upon the following by first

Class mail:


Judge Richard Fehling
U.S. Bankruptcy Court
Eastern District
400 Washington St.
Reading, Pa. 19601

Charles Hardy, Esq.
Thomas Groshens, ESq.
Sprague & Sprague
135 S. 19th Street
Phila., Pa. 19103

A. Taylor Williams, Esq.
AOPC
1515 Market Street
Philadelphia, Pa. 19102

D. Brian Simpson, Esq.
228 Walnut St., 2nd Floor
Harrisburg, Pa. 17108-1754


April 11, 2006

Peter Kovalchick



IN THE UNITED STATES COURT OF APPEALS
FOR THIRD CIRCUIT COURT

In re: Peter Kovalchick,

                    Petitioner

---

On Petition for a Writ of Mandamus to Judge Richard Fehling
United States Bankruptcy Judge for the Eastern District of Pennsylvania,
Reading, Pennsylvania

---

## APPLICATION FOR A STAY PENDING THE
## EMERGENCY PETITION FOR A WRIT OF MANDAMUS

---

Peter C. Kovalchick, Pro Se
Mailing Address:

411 Schuylkill Avenue
Tamaqua, Pa. 18252

(570) 497-0893

NOW COMES, the Petitioner, Peter Kovalchick and asks this court for a stay pending his consideration of his Petition for a Writ of Mandamus to Judge Fehling, Bankruptcy Court Judge for the Eastern District of Pennsylvania, Reading, Pa.

1. The Petitioner's need is clearly defined in his Petition and his Memorandum of Law.

2. In addition, the satisfaction that there is a fair process, to the observation of the Public is tantamount.

3. The Petitioner is attending a scheduled hearing on April 6, 2006, in the Middle District Bankruptcy Court, regarding his mother's estate, to which the Petitioner will be a witness giving testimony before the court.

4. The defendant, attorneys were fully aware of this matter, when they scheduled their own hearing date, for the same day, in the Eastern Bankruptcy Court, to try and move a Motion that is procedurally unlawful, and are doing so, in a repeated pattern of the history of this litigation, to get a position standing above the law and to further frustrate justice to this litigant.

5. In fact, the defendant attorneys have filed an objection in the Middle Bankruptcy proceeding which they know is moot, as a matter of law, to frustrate the Administrator of my mother's estate, and delay justice in that case.

6. The defendant attorneys did not consult with the Petitioner and give him the courtesy regarding the scheduling of a hearing in the Eastern District Bankruptcy Court on the same day.

- 2 -

7. The hearing should not take place in the Eastern Bankruptcy District, until the

Petitioner's Writ for Mandamus is resolved.

8. Proceeding would result in a further injustice to the Petitioner, who is a burdened

Debtor.

WHEREFORE,  Peter Kovalchicks asks for a Stay in his pending Bankruptcy case at

06-02008, in Reading Pennsylvania.


Respectfully Submitted,


Peter Kovalchick
March 28, 2006



# IN THE UNITED STATES COURT OF APPEALS
## FOR THIRD CIRCUIT COURT

In re: Peter Kovalchick,                    06-2083 APPEAL
                                                    DOCKET

### Petitioner

---

On Petition for a Writ of Mandamus to Judge Richard Fehling
United States Bankruptcy Judge for the Eastern District of Pennsylvania,
Reading, Pennsylvania

---

## EMERGENCY PETITION FOR A WRIT OF MANDAMUS

---

Peter C. Kovalchick, Pro Se
Mailing Address:

411 Schuylkill Avenue
Tamaqua, Pa. 18252

(570) 497-0893

$250.00
cash
Rec'd MPN

Introduction

Petitioner, Peter Kovalchick, filed a Bankruptcy Chapter 13 Petition in 2000. A purported creditor named R/S Financial Corp., by and through their attorneys of the Law firm of Sprague & Sprague, Philadelphia, Pa., filed a Motion to Dismiss the Bankruptcy proceeding based on allegations that the Debtor was over the $2 million limit for a Chapter 13 filing, and the court allowed the dismissal with an allowance for the Debtor to immediately file a Chapter 11.

The Debtor, filed the Chapter 11 in 2001, and objected to the claim of the R/S Financial Corp., as such claim was predicated upon a judgment procured through extrinsic fraud, which material facts through docket entries, and a Sheriff's Return and sworn affidavit of co-counsel to Sprague & Sprague, both irrefutably stating that Peter Kovalchick was never served. At the written request of Sprague & Sprague, co-counsel and directing the Prothonotary of Schuylkill to enter a liquidated judgment for over a million dollars the Prothonotary did so without authority, and without the authority of the attorney to request the liquidated judgment.

Peter Kovalchick thereafter battled to regain his civil rights which were taken away from him by Sprague & Sprague and their co-counsel as a tactical weapon to gain a position which the law did not allow. After procuring the default judgment through extrinsic fraud, the law firm forged forward falsely advertising his property as unimproved land, belonging to his parents, claiming him to be a garnishee, to which he never had a garnishment assessment hearing. In addition, no Sworn Affidavit was filed and served to creditors of either the original defendants or the garnishees, or their

- 2 -

creditors. A sale took place in absence of the owners of record and the recorded lien

holders. Even though, this scenario violated the criminal code regarding transferring of

property the Sheriff of that County, gave the R/S Financial Corp. a deed for Sheriff's

costs in the amount of $188.76. Since, no other money was collected and no money was

paid for consideration of the land, and no creditor's were noticed or were of record, no

distribution according to law was ever made. In the Common Pleas Courts of

Pennsylvania the County Commissioners aide the Sheriff's Offices in searching the title

and liens prior to a sale. None was ever docketed in the record of the case. Since, a

balance and checks does not allow so many errors to occur in a judicial sale, a reasonable

person could only ascertain, that this was a fixed sale, to the advantage of the clients of

Sprague & Sprague.

Although, Peter Kovalchick objected to the Proof of Claim filed by the R/S Financial

Corp., and objected to their Motion for Relief of Stay, they were both granted without

A hearing on the matter, and the Relief without the filing of a brief by R/S Financial

Corp.

After receiving relief from the stay, the attorneys on behalf of R/S Financial Corp.,

Although presenting as their claim for relief that they owned the debtor's property by

Virtue of the aforesaid Sheriff's Deed, instead, filed a Affidavit pursuant to Pa.R.C.P.

3129 and swore that the property belonged to the Debtor, Peter Kovalchick and put it

Up for Sheriff Sale, not once, but twice after obtaining relief, based on the representation

To the Bankruptcy Court that they owned the property and wanted to pursue an

Ejectment in Quiet Title.

- 3 -

creditors. A sale took place in absence of the owners of record and the recorded lien holders. Even though, this scenario violated the criminal code regarding transferring of property the Sheriff of that County, gave the R/S Financial Corp. a deed for Sheriff's costs in the amount of $188.76. Since, no other money was collected and no money was paid for consideration of the land, and no creditor's were noticed or were of record, no distribution according to law was ever made. In the Common Pleas Courts of Pennsylvania the County Commissioners aide the Sheriff's Offices in searching the title and liens prior to a sale. None was ever docketed in the record of the case. Since, a balance and checks does not allow so many errors to occur in a judicial sale, a reasonable person could only ascertain, that this was a fixed sale, to the advantage of the clients of Sprague & Sprague.

Although, Peter Kovalchick objected to the Proof of Claim filed by the R/S Financial Corp., and objected to their Motion for Relief of Stay, they were both granted without A hearing on the matter, and the Relief without the filing of a brief by R/S Financial Corp.

After receiving relief from the stay, the attorneys on behalf of R/S Financial Corp., Although presenting as their claim for relief that they owned the debtor's property by Virtue of the aforesaid Sheriff's Deed, instead, filed a Affidavit pursuant to Pa.R.C.P. 3129 and swore that the property belonged to the Debtor, Peter Kovalchick and put it Up for Sheriff Sale, not once, but twice after obtaining relief, based on the representation To the Bankruptcy Court that they owned the property and wanted to pursue an Ejectment in Quiet Title.

- 3 -

As a renegade creditor, (judgment obtained through extrinsic fraud) the R/S Financial Forged forward, over twenty-one (21) years after claiming they bought the land at a Sheriff Sale, and trying to re-sell it as Debtor's property, twice, held a non-jury trial In December, 2004. Prior to the trial, all pre-trial motions by the Defendants, who included the Debtor, were dismissed, including allowing depositions of the Plaintiffs, who claimed they owned the property through the deficient deed of procedural law, (constitutional safeguards to a litigant), even though the same was all orchestrated, by licensed Professional Attorneys, who claim to be a superior law firm in the Commonwealth.

Prior to the trial the Plaintiffs, discontinued counts as to claims of fraudulent conveyance to which Defendants were granted a jury. However, at the trial the judge refused the jury he previously granted, and all defendants, were tried as to the discontinued counts of fraudulent conveyance. The attorneys were willing participants against the pro se defendants, remained silent and did not disclose the wrongful proceeding. The Plaintiffs, were not required to establish the superiority of their title, in fact, they only way a Title of Plaintiffs was established is to say they had one. The defendants were forbidden to challenge the Plaintiff's Sheriff Title as plead in their Answer and New Matter to the Quiet Title Complaint. After the sham trial, the judge found in favor of the Plaintiff's and made findings of facts and conclusions of law against the Defendant's parents, who were indispensable parties, but not defendants in the action, as to fraudulently conveying title to their children. No finding was made in the Decision as to insolvency of the parents.

- 4 -

As this Debtor tried to appeal, the trial judge ran interference by writing letters to the Superior Court, telling them to Quash the Appeal, without receiving and looking at the record they quashed the appeal. Counsel for the R/S Financial Corp., also asked for appeal to be quashed.

The Debtor Petitioned for Allocatur to the Pa. Supreme Court, however, unknown to the Debtor, Richard A. Sprague, gave $45,000.00 in campaign funds to two Supreme Court justices. They kept the money and did not recuse themselves. The did not accept the appeal. Earlier that same year, Richard A. Sprague, sued all of the Justices of the Supreme Court of Pennsylvania, on behalf of a different client (a law firm) under 42 U.S.C. sec. 1983, which suit said, they abused their authority, didn't do their job, and didn't make the Superior Court do their job. In this bizarre set of occurrences, to the public and a pro se litigant, it is as though, Attorney Sprague, has set himself up in the judicial system as some sort of god, who will give either the malediction or the blessing, (either the money or the lawsuit) to manipulate the justices within the judicial system. Just a few months prior to the Quiet Title Trial, Richard A. Sprague, became a Judge Sitting on the Pennsylvania Supreme Court Judicial Board of Discipline (ethics).

As a result of the foregoing Debtor, Peter Kovalchick, filed adversaries in his Bankruptcy case, to try to get even one shred of justice. He continued to fight a battle To regains all those civil rights, the law offices of Sprague & Sprague, kept manipulating away from him.

Ironically, in January, 2006, while the burdened Debtor, who was forced to become A litigating machine in numerous courts, was arrested while leaving the bankruptcy court

- 5 -

on orders from Sprague & Sprague, and one of their lead attorneys on the case,

Charles Hardy, Esq., (a real estate expert) for living in his home, which he had relied,

On Bankruptcy Thomas' Order of June 30, 2006, that if the R/S Financial Corp., by the

end of the next business day, he would set a hearing for relief. (That month Sprague &

Sprague sent their employees as henchmen to destroy the Debtor's property to scare him

out, demoralize him, and cause him to give up his determination to press on and expose

the fraud upon the courts by both client and attorneys.

   As a result of that arrest and the continued fraud, Debtor filed his 06-50006 action in

The Middle District Bankruptcy, including as a necessary/indispensable party, Judge

Thomas, whose Order the Debtor relied on, who did not conduct his court in a manner

So that no harm would come to the Debtor. R/S Financial, never appealed the order,

never applied for the relief, or asked for a reconsideration as required by law. After filing

of the suit, Peter Kovalchick, Motioned for the Recusal/Disqualifcation of Judge Thomas,

he recused himself from the 06-50006. The case was assigned to Judge Mary France.

At the Preliminary Injunction hearing in January, 2006, Debtor, recognized her to be

The same person who conducted his creditors meeting on his bankruptcy, the assistant

Trustee of his bankruptcy case. She refused Debtor to take the stand and systematically

Prove his case with his chosen sworn witnesses. All the subpoenas he served, were

Quashed by the Judge, even though he called her office and was granted permission to

Serve. Debtor's equal protection under the law in these discovery and evidence

procedures as put him at a great disadvantage, and both his filed bankruptcies have

recorded this same pattern.

The Debtor, sent the Judge France a courtesy letter, indicating the need for her to recuse herself. However, she did not until about February 23, 2006, approximately on month later. On March      ,2006, the Debtor, filed a Default Judgment against Defendants, Sprague & Sprague, their attorneys and clients, who did not file their Memorandum of Law,  pursuant to their Motion to Dismiss filed approximately Twelve days earlier.

The next day after their default, the case was reassigned to Judge Richard Fehling, Reading, Pa., because of the history of this case, Debtor immediately began researching The background of this Judge, which revealed that said Judge should have sua sponte Recused himself, when he knew who they defendants were, and that Judge France had Been assigned to the case, previously to his appearance. Debtor filed a Motion for Recusal/Disqualification, and even sent the Judge a courtesy letter to move immediately On the recusal. The Judge has done nothing. In the meantime, the defaulting defendants, are pretending they have not defaulted and have incredibly filed a second motion for dismissal, without a Memorandum of Law, and set up a hearing before Judge Fehling for April 6, 2006, when they know they have defaulted, know they can only Motion to Open up the Default, and know that the Judge should recuse himself. Hence, the Petition for a Writ of Mandamus follows.

- 7 -

NOW COMES, Peter Kovalchick, petitioner, and moves this court to remove, The Honorable Judge Fehling from, Eastern District Bankruptcy Court of Pennsylvania, from Case no. 06-0028 (formerly case no. 06-50006, of the Middle District Bankruptcy Court of Pennsylvania, Judges' Thomas and France whom both have recused themselves previously from the same case.

1. On or about, March   , 2006, Judge Fehling was assigned to case no. 06-50006, Middle District of the Bankruptcy Court of Pennsylvania, which was transferred to The Eastern District, and given new number 06-02008.

2. When the case was reassigned and transferred, Defendants, Sprague & Sprague, Their attorneys and clients, had defaulted, as they had not filed as required by Rule A Memorandum of Law setting forth a Motion for Dismissal.

3. While the Defendants, knew they had defaulted and had received notice that Debtor/ Plaintiff, had filed the Default already in the Middle Bankruptcy Court, the Defendants, Obstinately, and contrary to the F.R.C.P., filed a Second Motion for Dismissal, again Without a Memorandum of Law, and in some sort of world of unreality, set up a Hearing date to have their Motion heard, even though they knew pursuant to the rules They had to Motion under Rule 60, to open the judgment.

4. Peter Kovalchick, immediately upon searching the background of Judge Fehling, Motioned for his Recusal/Disqualification.

5. As of this date, March 27, 2006, the Plaintiff has not heard from the Judge.

6. On, March 21, 2006 in an attempt to remind the Judge of the default judgment, waiting to be signed so that the Plaintiff could execute the default judgment, and the

need for him to recuse himself, the Plaintiff hoped this courtesy would persuade him

to do the right thing, even as, the Plaintiff had written a courtesy letter to Judge France

to do the right thing.

7. The Plaintiff, Peter Kovalchick, is a reasonable man, and only wants justice after

Twenty-three (23) years, and the default judgment has presented justice.

8. Judge Fehling, is a former attorney, with Stevens & Lee, of Reading, Pa., and is

Believed to be a shareholder of that company.

9. Alvin Lewis, Esq., is a long time associate with that law firm.

10. Richard A. Sprague, is a partner of Alvin Lewis, Esq., in a Lancaster, Pa. law firm.

11. Sprague & Sprague, has worked together as counsel, consultants, or other position on

numerous cases with Stevens & Lee.

12. Judge Fehling, has served as advisor to Judge Mary France.

13. Each of lawyer defendants and Judge France, hold a unique position in their

Relationship to Judge Fehling.

14. Judge Fehling has already demonstrated that he can not be impartial or

not prejudiced by not following a standard signing and docketing of the order for

default in the case.

15. The Judge has allowed a continuance of a violation of procedure by the

Defendants to try to fix up their default judgment, filed by the Plaintiff, by ignoring

the default and pretending that they can file a second motion for dismissal without

a Memorandum of Law, and not following the procedure for default pursuant to

Rule 60.

16. The Plaintiff has repeatedly been denied years of justice with the same unlawful,

Procedures, which has repeatedly undermined Peter Kovalchick's due process,

And equal protection under the law.

17. This scenario has been allowed, only because of the political position and friendships

of the law firm of Sprague & Sprague, and the defendants.

18. The Plaintiff has been denied justice, long enough, the Defendants must pay the

$30 million default and settle the case.

19. A prudent judge would advise the Defendants, to turn the default matter over to

their insurance carrier for processing, instead of further muddying the waters, and

dragging more people into the matter to become litigants.

20. Incorporated as exhibits for this Petition are:

1. Motion for Recusal filed at 06-02008, E.D. Bank., Pa., and exhibits

2. Courtesy Letter to Judge Fehling

4. DOCKET ENTRIES
06-50006-1M.O.
06-02008-E.D.

3. Courtesy Letter to Judge France

WHEREFORE, PETER KOVALCHICK ASKS THIS COURT, FOR THE WRIT OF
MANDAMUS TO BE ISSUED TO JUDGE FEHLING.

Respectfully Submitted,

Peter Kovalchick
March 27, 2006

- 10 -

# CERTIFICATE OF SERVICE

I certify that a copy of Peter Kovalchick's Petition, Memorandum of Law, and Application for Stay, re: Emergency Petition For A Writ of Mandamus to Judge Richard Fehling was served upon the following, by placing a Copy in the United States Mail, first class:

Judge Richard Fehling
U.S. Bankruptcy Court
Eastern District
400 Washington St.
Reading, Pa. 19601

Charles Hardy, Esq.
Thomas Groshens, Esq.
Sprague & Sprague
135 S. 19th Street
Phila., Pa.

A. Taylor Williams, Esq.
AOPC
1515 Market Street
Phildelphia, Pa. 19102

D. Brian Simpson, Esq.
228 Walnut St., 2nd Floor
Harrisburg, Pa. 17108-1754


March 28, 2006


Peter Kovalchick

IN THE UNITED STATES COURT OF APPEALS
FOR THIRD CIRCUIT COURT



In re: Peter Kovalchick,

Petitioner

_____

On Petition for a Writ of Mandamus to Judge Richard Fehling
United States Bankruptcy Judge for the Eastern District of Pennsylvania,
Reading, Pennsylvania

_____

**MEMORANDUM OF LAW IN SUPPORT OF THE
EMERGENCY PETITION FOR A WRIT OF MANDAMUS**

_____

Peter C. Kovalchick, Pro Se
Mailing Address:

411 Schuylkill Avenue
Tamaqua, Pa. 18252

(570) 497-0893

Background

Petitioner incorporates background as previously set forth in his Petition for a

Writ of Mandamus.

Jurisdiction

This court has the power to issue writs of mandamus under the All Writs Act,

28 U.S.C. s.s. 1651(a), which provides that "[t]he Supreme Court and all Courts
established by Act of Congress may issue all writs necessary or appropriate in aid

Of their respective jurisdictions and agreeable to the usages and principles of law.

See Haines v. Ligget Group inc., 975 F.2d 81 (3d Cir. 1992).

Discussion

28 U.S.C. s.s. 455, is jurisdictional for the recusal/disqualification of a federal judge.

s.s. 455(a) provides in its entirety that "[a]ny justice, judge, or magistrate judge of the

United States shall disqualify himself in any proceeding in which his impartiality

Might reasonably be questioned."

s.s. 455(b)(1) provides that a judge must disqualify himself "[w]here he has a personal

bias or prejudice concerning a party, or personal knowledge of disputed evidentiary

facts concerning the proceeding."

In School Asbestos, 977 F.2d at 775, Judge Becker, held that a Petition for Mandamus

Predicated on s.s. 455 would be entertained by the Court.

Standard for disqualification under s.s. 455(a)

Whenever a judge's impartiality "might reasonably questioned" in a judicial

2 –

Proceeding, 28 U.S. C. s.s. 455(a) requires that the Judge disqualify himself. The test for

Recusal under s.s. 455(a) is whether a reasonable person, with knowledge of all the facts,

would conclude that the judge's impartiality might reasonably questioned. Edelstein v.

Wilentz, 812 F.2d 128 (3d Cir. 1987).

   It is of no consequence that the judge is not actually biased because s.s. 455(a)

"concerns not only fairness to individual litigants, but, equally important, it concerns 'the

public's confidence in the judiciary, which may be irreparably harmed if a case is

allowed to proceed before a judge who appears to be tainted." Alexander v. Primerica

Holdings, Inc., 10 F.3d 155, 162 (3d Cir. 1993) (quoting School Asbestos, 977 F.2d at

776) (emphasis added).

   In Haines v. Liggett  Group, Inc., 975 F.2d 81 (3d Cir. 1992), where a mandamus

Petition filed by leading tobacco companies charged that the district court judge had

Disqualified himself when he stated that the tobacco industry concealed smoking risks

And "despite some rising pretenders,…may be the king of concealment and

Disinformation ," we held that [i]mpartiality and the appearance of impartiality in a

Judicial officer are the sine qua non of the American legal system" and that "[a]ny

Tribunal permitted by law to try cases and controversies not only must be unbiased

But also must avoid even the appearance of bias." Id. at 98 (quoting Lewis v.

Curtis, 671 F.2d 779, 789 (3d Cir. 1982). It was said in Haines that the district

Court judge in question had "been a distinguished member of the federal judiciary for

Almost 15 years and [was] no stranger to the court; he [was] well known and respected

For magnificent abilities and outstanding jurisprudential and judicial temperament."

- 3 -

Judge Feeling is a newly appointed judge, and has not yet acquired such a

history, however, that is not the test, the subjective impressions of impartiality gleaned

after reviewing decisions for many years; rather, the polestar is '[I]mpartiality and the

appearance of impartiality."

Standard for Disqualification under s.s.455(b)(1)

Whereas s.s. 455(a) is a catchall disqualification provision, s.s. 455(b)(1) is more

Narrow in that it requires a judge to disqualify himself only if "he has a personal

Bias or prejudice concerning a party, or personal knowledge of disputed evidentiary

Facts concerning the proceeding." 28 U.S.C. s.s. 455(b)(1); see also Likey v.

United States, 510 U.S. 540, 548 (1994) describing s.s. 455(a) as a "catchall' recusal

Provision, covering both 'interest or relationship' and 'bias or prejudice' grounds").

Unlike disqualification under s.s. 455(a), however, which may be waived by the parties,

The grounds for disqualification under s.s. 455(b)(1) generally cannot be waived.  See

28 U.S.C. s.s. 455(e).

Three balancing factors to be considered are:

(1)  The risk of injustice to the parties;

(2)  the risk that the denial of removal would lead to unjust results in the case;

(3)  the risk of undermining the confidence in the administration of justice.

The judge's impartiality/bias can be reasonably be questioned, suspect as tainted by

The various interacting relationships as more clearly set forth in the Petition.  The history

Of his former law, to the defendants law firm, his relationship to Judge France as

Advisor, and his familiarity with the Middle Bankruptcy District Court as a lecturer and

- 4 -

Associate would give rise to the impartiality/bias consideration as well as a moral, and professional ethical consideration.

Although the record in this case as regards Judge Fehling only results in his appearance through assignment, the non-action on the default in favor of the plaintiff, the key that a reasonable person would regard him for disqualification would be the tainted appearance of the relationships he holds to these defaulting defendants, who are violating the rules of procedure in his court, when they know they have defaulted and are done, unless they can open that default under Rule 60. This alone, should have resulted in his recusal, thereby, leaving no question as to the appearance of bias. In this case, although the judge has no record, to glean on, his silence speaks a Million words, or perhaps louder then words.

## Appropriateness of Mandamus

It is well-settled that mandamus petition is the proper procedure for an appellate court to review a federal judge for disqualification from a case in which his or her impartiality might reasonably be questioned.

A judge's refusal to recuse himself in the face of a substantial challenge casts a Shadow not only over the individual litigation but over the integrity of the federal Judicial process as a whole. The shadow should be dispelled at the earliest possible Opportunity by an authoritative judgment either upholding or rejecting the Challenge. In recognition of this point we have been liberal in allowing the use of the Extraordinary writ of mandamus to review orders denying motions to disqualify. Union Carbide Corp. v. U.S. Cutting Service, Inc. 782 F.2d 710 (7th Cir. 1986), at 712. (References deleted).

Moreover, a few situations are more appropriate for mandamus than a judge's wrongful refusal to disqualify himself. Or even acknowledge that he must deal with the Motion.

The court has long taken the position that there are 'few situations more appropriate for mandamus than a judge's clearly wrongful refusal to disqualify himself.' In re International Business Machines Corp., 618 F.2d 923 (2nd Cir. 1980), at 926 citing Rosen v. Sugarman, 357 F.2d 794, 797 (2nd Cir. 1966).

Although mandamus may be opposed on the premise that it should not be used as a substitute for appeal, petitioner contends that no party should be required to submit to a presiding judge who has a prejudicial bent of mind, expecting that there will be another opportunity for justice after final judgment has been rendered. Rather, mandamus should be viewed as a means of avoiding a needless and judicially inefficient ordeal.

[D]ue process…[requires] that a judge who is otherwise qualified to preside at trial or other proceeding must be sufficiently neutral and free of disposition to be able to render a fair decision. **No person should be required to stand trial before a judge with a 'bent of mind.'** Collins v. Dixie Transport, Inc., 543 So.2d 160 (1989), at 166 citing Berger v. United States, 255 U.S. 22, 33, 41 S.Ct. 230, 233 65 L.Ed 481 (1921); Wolfram, Modern Legal Ethics s.s. 17.5.5 Independence and Neutrality, p. 989 (1986). (Bold emphasis added).

Obligation to Disclose

It is the obligation of a judge to disclose all facts that might be grounds for disqualification. Judicial Conduct and Ethics, 2 ed., Shaman, J.M., Lubet, S., Affini, J>J>; Michie Law Pub., Charlottesville, Va. (1995), p. 146.

Further, Canon 3C of the Code of Judicial Conduct of the American Bar Association, which was codified with modifications as 28 U.S.C. s.s. 455 and extensively reviewed by Abramson, states, in part, "A judge should disqualify himself in a proceeding in which his impartiality might reasonably be questioned… .", Judicial Disqualification under Canon 3 of the Code of Judicial Conduct, 2 ed., Abramson, L.W., American Judicature Soc., Chicago, IL (1992), pp. 1-48.

Under Canon 3 of the Code of Judicial Conduct, Judge Fehling had a duty to disclose his association with the defendants, before sitting in any case in which the attorneys, law firm, were defendants. Likewise, his association with Judge France, who previously worked, and ruled on the case, should have been disclosed. Since, the Judge did not act And deal with the Motion before him, there leaves little doubt for the Plaintiff that he Would do what is required under the values, since he has remained silent and has not Spoken to the matter.

Judge Fehling's actions infringed the ethical principle, elaborated by Shaman, et. al., and supported by case law that, "It is not the duty of the parties to search out disqualifying facts about the judge…it is the judge's obligation to disclose all possibly disqualifying facts." Footnote 3, p. 146.

6 –

Quoting Justice Scalia in Litekey:

...[T]wo paragraphs of the [most recent] revision [of s.s. 455] brought into s.s. 455 elements of general 'bias and prejudice' recusal that had previously been Addressed only by s.s. 144.  Specifically, paragraph(b)(1) entirely duplicated the Grounds of recusal set forth in s.s. 144 ('bias or prejudice'), but (1) made them Applicable to all justices, judges and magistrates (and not just district judges), **And (2) placed the obligation to identify the existence of those grounds upon the Judge himself,** rather than requiring the recusal only in response to a party affidavit.  Likey v. U.S., 510 U.S. 540 (1994) at 548, 114 S.Ct. 1147, 127 L.Ed.2d 474. (Bold Emphasis added).

Judge Fehling's failure to make any disclosure of his material association with the defendants, is troubling, and suggests that the judge has a interest in the outcome of the Proceedings, has a bias or an interest which should not be allowed to become an impediment to the cause of justice.  Such partisanship infringes on Petitioner's Fifth and Fourteenth Amendment rights to due process and equal protection and should not be tolerated.  Willful violations of judicial conduct are especially serious.  With reference to Schenck, Shaman, et al. wrote:

[A] judge will be subject to discipline (as distinct from reversal on appeal) For incorrectly failing to disqualify himself only wher the failure was willful.  The test is an objective one, and therefore a willful failure to disqualify may be present even though a judge states on the record that he does not believe disqualification is necessary.  This approach has the advantage of requiring judges to look to an external standard in addition to their subjective feelings to decide if disqualification is necessary.  It thus takes into account that **disqualification is required if there is an appearance of partiality to the reasonable observer, and it precludes a judge from avoiding recusal merely by avowing his or her impartiality.** In re Schenck, Id. at 189, 193-195 (Bold emphasis added). Judicial Conduct and Ethics, 2 ed, Shaman, J.M., Lubet, S., Alfini, J.J., Michie Law Pub., Charlottesville, Va. (1995), p. 97.

<u>Pervasive Bias and Prejudice</u>

Justice Scalia, joined by Justices Rehnquist, O'Connor, Thomas, and Ginsburg, expressed in Liteky the majority Court opinion that:

A favorable or unfavorable predisposition can also deserve to be characterized as 'bias' or 'prejudice' required recusal because, even though it springs from the facts Adduced or the events occurring at trial, it is so extreme as to display clear Inability to render fair judgment. (That explains what some courts have called the 'pervasive bias exception' to the extrajudicial source doctrine. See, e.g. Davis v. Board of School Comm'rs of Mobile County, 517 F.2d 1044, 1051 (CA5 1975), Cert. denied, 425 U.S. 944, 96 S.Ct. 1685, 48 L.Ed.2d 188 (1976).) Liteky v. U.S. 540 (1994), at 551.

In Liteky, Justices Kennedy, Blackmun, Stevens, and Souter challenged the Extrajudicial source rule, arguing that undue emphasis should not be placed on the source of the contested mindset in determining whether disqualification is mandated by s.s. 455(a).

The statute does not refer to the source of the disqualifying partiality. And placing too much emphasis upon the source is extrajudicial or intrajudicial distracts from the central inquiry. One of the very objects of the law is the impartiality of its judges in fact and appearance...The relevant consideration under s.s. 455(a) is the appearance of partiality, see Liljeberg, [Lifjeberg v. Health Services Acquisition Corp., 486 U.S. 847 (1988), at 860, 108 S.Ct., at 2202-03, not where it originated or how it was disclosed, Liteky, Id. at 558.

Justice Kennedy further expressed the opinion that the standard for disqualification under s.s. 455(a) during the course of a judicial proceeding is too severe under Liteky and should be modulated to allow its intended protection.

The [Supreme] Court holds that opinions arising during the course of judicial Proceedings require disqualification under s.s. 455(a) only if they 'display a deep Seated favoritism or antagonism that would make fair judgment impossible.' (Reference deleted). That standard is not a fair interpretation of the statute, and Is quite insufficient to serve and protect the integrity of the courts.  Liteky v. U.S., 510 U.S. 540 (1994), at 563.

Section 455(a)...guarantee[s] not only that a partisan judge will not sit, but Also that no reasonable person would have that suspicion.  See Lifljeberg, At 860. Liteky, Id. at 567.

The United States Supreme Court has made it clear that 'a fair trial in a fair tribunal is a basic requirement of due process,' in administrative adjudicatory proceedings as well as in courts. Michigan Dept. of Soc. Servs. V. Shalala, 859 F.Supp. 1113, 1123 (W.D.Mich.1994) (quoting Withrou v. Larkin, 421 U.S. 35, 36, 95 S.Ct. 1456, 1459, 43 L.Ed.2d 712 (1975)). Thus, as stated by Justice Kennedy in his concurring opinion in a Supreme Court case construing the analogous federal statute on judicial disqualification, '[i]f through obduracy, hones mistake, or simple inability to attain self knowledge the judge fails, to acknowledge a disqualifying predisposition or circumstance, an appellate court must order recusal no matter what the source.' Liteky v. U.S., 510 U.S. 540, 563, 114 S.Ct. 1147, 1161, 127 L.Ed.2d 474 (1994) (Kennedy, J., concurring).  This is because, as our court of appeals has declared, '[l]itigants ought not have to face a judge where there is a reasonable question of impartiality...' Alexander v. Primerica Holdings, Inc., 10 F.3d. 155, 162 (3d Cir. 1993). D.B. v. Ocean Tp. Bd. Of Educ., 985 F.Supp. 457 (D.N.J. 1997), at 540. (Bold emphasis added).

Furthermore, no judge should have ultimate authority over what constitutes his or her own conflict of interest.

- 8 -

> No longer is a judge's introspective estimate of his own ability impartially to
> hear  A case the determinate of disqualification under s.s. 455. The standard now is
>     Objective.  It asks what a reasonable person knowing all the relevant facts would
>     Think about the impartiality of the judge.

Roberts v. Bailar, 625 F.2d 125, (6th Cir. 1980), at 129. On remand, 538 F.supp 424.
(References deleted, bold emphasis added).

The sentiments expressed in Roberts v. Bailar, Id., are generally reinforced in Liteky v.
U.S., 510 U.S. 540 (1994).

In the final analysis, a reasonable person **would** question the impartiality of any judge
who was an associate of the defendants and advisor to the previous judge on the case,
when the case came before him.

Conclusion

To maintain the integrity of the federal judicial system, the Court must be concerned
whether the parties receive fair and impartial treatment of their claims.  At the risk of
Undermining the public's confidence in the judicial process, the welfare of the parties
must receive priority over other considerations should a violation of s.s. 455(a) occur.  In
the matter presently under review, justice requires that the judge be removed and that the
issues be placed before a new judge. "The guiding consideration is that the administration
of justice should reasonably appear to be disinterested as well as be so in fact." Liljeberg,
486 U.S. 847, at 870 quoting Public Utilities Comm'n of D.C. v. Pollak, 343 U.S. 451,
466-467, 72 S.Ct. 813, 822-823, 96 L.Ed. 1068 (1952). (Frankfurter, J., in chambers).

The judicial system does not appear fair, if everyone is inside a bubble that is rendering
Adjudication of claims.  Indeed, it must go outside of  that bubble, in Pennsylvania there
was a Bankruptcy  Judge, named Woodside, now deceased.  Everyone had nothing but
good words to speak of this Judge, he was known as the "peoples judge", and he was
faithful to the law, as it was intended.  If such could have been true in Peter Kovalchick's
case, his case would have been ruled in his favor twenty-three (23) years ago. Judge
Fehling's failure to disclose, has cast a shadow on the litigation, and recusal is the only
remedy that will renew the public's faith in the integrity and fairness of the judicial
system, prompt other judges to more carefully search for and disclose grounds for
disqualification, and restore impartiality to the litigants in the judicial process.  When
statutory standards for recusal ae met, as has been demonstrated here, the judge should
Step aside and let another judge, who is not associated with the defendants, and former
judge, be assigned.

- 9 –

The Petition for Writ of Mandamus should be granted and Judge Fehling should

step off the case. The Petitioner should have to bear no further burden in securing

justice in his case, history can not be allowed to repeat itself. The confidence of the

people must be uplifted and preserved, a denial would crash that confidence to

a violent breakage such as a fragile china dish that falls to the ground. No longer can

this confidence be eroded in this case, or for that matter any case. The Plaintiff must

have his day of justice. Please, make it this day.


Respectfully Submitted,


Peter Kovalchick, Pro Se
March 27, 2005

IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PETER KOVALCHICK, | : | Case no. 01-03870 |
| Plaintiff, | : | Chapter 11 |
| Indispensible and Necessary Parties, | : | Adversary No. 06-ap-02008 ref |
| CYRUS P. DOLBIN,<br>JUDGE OF SCHUYLKILL COUNTY<br>COURT OF COMMON PLEAS, | : | |
| JOHN J. THOMAS, CHIEF JUDGE OF<br>BANKRUPTCY COURT, MIDDLE<br>DISTRICT OF PENNSYLVANIA, | : | JURY TRIAL DEMANDED |
| V. | : | |
| R/S FINANCIAL CORP., ROBERT J.<br>ROSENSTEIN, MIRIAM SMALLS,<br>RICHARD A. SPRAGUE, SPRAGUE &<br>SPRAGUE, CHARLES J. HARDY, ESQ.,<br>AND THOMAS GROSHENS, ESQ. | : | |
| Defendants | | |

FILED

MAR - 9 2006

BY _____ DEP. CLERK

MOTION FOR THE RECUSAL/DISQUALIFICATION OF
RICHARD E. FEHLING, BANKRUPTCY JUDGE

Peter Kovalchick, Debtor/Plaintiff, moves this Court for recusal of Richard E.

Fehling, Bankruptcy Judge, appointed as a Bankruptcy Judge on February 14, 2006, (See,

Exhibit "1"). and in support of said Motion for recusal offers the following:

1. Peter Kovalchick, filed this above bankruptcy Peitition in 2001.

2. In 2002, Judge Thomas of the Middle District Bankrupcy Court, granted, R/S.

Exhibit "1"
34 Pages

Financial Relief from stay over the objection of the Debtor, on a summary judgment, without hearing.

3. The attorneys for the R/S Financial Corp., over the past 28 years, have been various members of the law firm of Sprague and Sprague.

4. Sprague and Sprague caused a Sheriff Sale to be executed in 1983, in the Schuylkill County Court of Common Pleas against Debtor/Plaintiff's parents.

5. Said sale was riddled with deficiencies, and included the estate of Peter Kovalchick, although it was falsely advertised as unimproved land belonging to his parents.

6. Said law firm, was fully aware, documentation has been docketed at various stages of Plaintiff/Debtor's litigation which is irrefutable, that Pa.R.C.P. procedural law was continuously violated, by and through the representation of Sprague and Sprague on behalf of the R/S Financial Corp. (See, findings of facts, opinions and orders of Judge Scholl, B.J., and Opposition of Peter Kovalchick, to Motion to Dismiss, Judges Dolbin and Judge Thomas, filed at the above-captioned adversary number, regarding pertinent information).

7. In December, 2004, by virtue of the Relief from the Bankruptcy Stay granted to R/S Financial by Judge Thomas, a sham trial took place in Schuylkill County as follows:

    A. Trial Judge did not allow any testimony or regarding the deficiencies of
       The sheriff sale;

    B. Trial Judge did not require R/S Financial to establish the strength of their
       Sheriff's Title;

- 2 -

C.  Trial Judge conducted entire trial on issues of fraudulent conveyance, which

Were discontinued by the R/S Financial Corp and not before his court;

D.  Trial Judge made findings of facts based on the discontinued fraudulent

Conveyance issues, against Peter Kovalchick's parents, who were not parties

to the Quiet Title Action, in violation of due process;

E.  Trial Judge, slandered the good name of Peter Kovalchick's parents, who

Were not before his court and had no day in court regarding such a claim;

Were never litigants in any action ever filed against them for such claim;

F.  Peter Kovalchick's parents were at the time 81 and 84 years old;

G.  The Trial Judge, incredibly also, included Peter Kovalchick's father's

Name as a defendant, in the caption of his Decision, although he was

Fully aware that Anthony Kovalchick, Sr., was never a Defendant;

H.  Trial Judge, ruled on a Motion In Liminie prior to the trial, and disallowed

any testimony or evidence regarding, perjured testimony of Robert J

Rosenstein of the R/S Financial Corp., at the trial of the Senior

Kovalchick's (Peter's slandered parents) by which the R/S Financial

Obtained a judgment against his parents through the perjured testimony;

I.  Then Trial Judge, then ruled against the Kovalchick's, by which the

R/S Financial Corp., claim a title to his Estate;

J.  The trial Judge, then interfered with the appellate processes by writing

- 3 -

Letters personally to the Prothonotary of the Superior Court, suggesting

The appeal be quashed;

K. Incredily, the Superior Court quashed the appeal, without ever receiving

And Reviewing the record;

L. On allocatur to the Pa. Supreme Court, while awaiting disposition,

Richard Sprague gave a total of $45,000.00 to two Pa. Supreme Court

Judges who did not recuse themselves from the case or give the money

back;

M. Richard Sprague, Esq., sits as president Judge of the Pa. Supreme

Court Judicial Board of Discipline, to which he was appointed

Approximately a mere 3 1/2 months before the Quiet Title Trial, which

was not heard for twenty (20) years;

N. The so-called obtaining of possession process, by Sprague and Sprague

On behalf of R/S Financial Corp., in Schuylkill County, is likewise

Riddled with deficiencies. (See, Plaintiff/Debtor's Second Motion

For Injunction at adversary number 05-50295, on Pacer).

8. Peter Kovalchick, was made a garnishee to the underlying suit against his parents in

1983, through extrinsic fraud, and had a liquidated default judgment entered against him

through extrinsic fraud, which constitutional issues were never addressed by any court.

9. After the recusal of Judge Thomas on this case, Judge France was assigned, from the

Middle District, Harrisburg.

10. After evidently consideration of Peter Kovalchick's letter to Judge France at docket

- 4 -

entry no. 25, 05-50006, Middle District Bankruptcy, she decided to recuse herself.

11. In response to both recusals, the Third Circuit Court assigned Judge Fehling from a Different District, Exhibit "2".

12. Plaintiff Debtor, investigated the background of Judge Fehling and therefore files this Motion for Recusal/Disqualification, believing he will do the right thing and recuse himself, however, if the Judge will not, asks the matter be presented to the Third Circuit for Disqualification, and given the history of this case, believes that a Debtor, should not be further burdened with litigation to become a litigating machine because of the history of Richard A. Sprague and his various associations both personal and political.

(see, Clifford Parker, et al. v. Lincoln Trust, CV-00-0032, U.S. Middle District Court on appeal from, Order of Judge John Thomas, B.J., memorandum page 15-

   " To have an absolute rule forcing debtors to fully litigate their cases in state court

      Thwarts bankruptcy policy by compelling those already encumbered with debt to

      Expend additional resources defending state court claim."...

13. Therefore, upon the basis and spirit of this finding, Debtor/Plaintiff believes he is In a unique position, by which he was unduly encumbered and burdened and at this juncture it should be directly handled by the Circuit Court, upon any refusal of recusal by Judge Fehling.

14. On March 7, 2006, Debtor Plaintiff, filed a default against, defendants, Robert J. Rosenstein, R/S Financial Corp., Miriam Smalls, Richard A. Sprague, Charles J. Hardy, Esq., Thomas Groshens, Esq., and Sprague and Sprague, Plaintiff/Debtor is entitled to $30,000,000.00 as demanded in the lawsuit, which is conservative for an award of this

- 5 -

claim. On March 8, 2006, proposed judgment order was filed by Plaintiff/Debtor for

in the amount of $30,000,000.00.

15. This law firm and their clients are in a tight spot, have no good cause for not

Perfecting a motion or answer to preserve continuance of the litigation as to

them.

16. On March 8, 2006, Peter Kovalchick, received notice that Judge Fehling was

assigned to the case.

17. Peter Kovalchick, is entitled to the money, immediately to be entered as judgment

In his favor.

18. Judge Fehling, is an attorney who hails from the Law Firm of Stevens and Lee.

(See, Exhibit "3").

19. Of counsel to the Law Firm of Stevens and Lee, is Alvin Lewis, Esq., (See, Exhibit

"4").

20. Alvin Lewis, Esq., is also a partner to Richard A. Sprague, Esq., in Lancaster, Pa.

(See, Exhibit "5").

21. Embroiled in controversies with Stevens and Lee in Lancaster are Sprague and

Sprague, in regards Lancaster County Convention Center under a subheading in a news

article, "Partial List of Convention Center Authority's Extravagances". (See, Exhibit

"6").

22. In another Internet Website, "Blog – "A Member of the Law Professor Blogs

Network", Blog Owner Douglas a. Berman, page 6 and 7 of blog is discussion of Alvin

Lewis and Richard Sprague, who, with their considerable clout, politically, flew in a

- 6 -

"designated" Judge from the Ninth Circuit in California, Arthur Alarcon, to sit on the

Three-member Third Circuit Panel which overturned his decision on a "technicality".

Second paragraph,

> " Sprague and Lewis, also, it should be noted were on the House Select Committee
>
> On Assiassntions and were effective in clouding the investigation of both John
>
> F. Kennedy's assassination and Martin Luther King, Jr.'s assassination and Martin
>
> Luther King Jr.'s assassination." (Exhibit "7").

23. In a Stevens and Lee News Article, Richard D. Fehling Serves as a Panelist at the

Annual Conference of the Middle District Pennsylvania Bankruptcy Association, Exhibit

"8 ".

24. Judge Fehling, has a history of being involved through either his former law firm,

lecturing or personal friendships, with most of the Defendants in this case.

25. The appearance is improper, does not serve the public interest, but rather appears to

serve the interests of Richard A. Sprague and the other Defendants.

26. Peter Kovalchick, has been an abused victim of Richard Sprague's politics and

ability to fix cases in the Commonwealth for 24 years. His lack of professionalism and

ethics and loyalty to civil procedure and due process to this Debtor/Plaintiff, is

undeniable, that is why he defaulted and did not answer and or file a required

memorandum of law with a motion to dismiss.

27. The default judgment must be entered in favor in liquidated amount of Peter

Kovalchick, so that at long last justice will be done.

28.  Pursuant to Title 28 Chapter 21, Section 455(a),

  " ...any justice, judge, or magistrate Judge of the United States shall disqualify

   Himself in any proceeding in which his impartiality might reasonably be

   Questioned.

   Section 455(b)(1),

  --"Where he has a personal bias or prejudice concerning a party, or personal

   Knowledge of disputed evidentary facts concerning the proceeding."

29.  It would be inconceivable and too coincidental that Judge Fehling would not fall

Within one of the previews above, as based on the associations so shown in the Exhibits,

And both attorneys Lewis and Sprague's influence and positon in relation to committee

steering, lawsuits and such situated controversies regarding judgeships in Pennsylvania.

WHEREFORE,  Peter Kovalchick, based upon this Motion for Recusal/Disqualification,

And his sworn affidavit, Asks that Judge Fehling recuse himself, or immediately refer

the matter to the Third Circuit Court, for processing.


Respectfully Submitted,

Peter Kovalchick
(570)497-0893
Mailing Address:
411 Schuylkill Ave.
Tamaqua, Pa.  18252

March 9, 2006

- 8 -

## AFFIDAVIT

Peter Kovalchick, deposes and says, that he is the Plaintiff/Debtor in the

foregoing Motion for the Recusal/Disqualification of Judge Fehling,

Bankruptcy Court, Eastern District." That the information

contained therein is the best to his knowledge, information and beliefs.


_____
Peter Kovalchick

Sworn before me this _____9th_____ day of

March, 2006.


_____
Notary

NOTARIAL SEAL
Michelle D. Neil Notary Public
Tamaqua Boro, Schuylkill County
My Commission Expires Dec. 27, 2008

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing Plaintiff, Peter Kovalchick's Motion for the Recusal/Disqualification of Judge Fehling, upon the following, by placing a Copy in the United States Mail, first class:

A. Taylor Williams, Esq.
Administrative Office of Pa Courts
1515 Market Street, Suite 1414
Philadelphia, Pa. 19102

Office of the U.S. Trustee
Kelly Beaudin Stapleton
Anne K. Fiorenza, Asst. U.S. Trustee
And
D. Troy Sellars
Trial Attorney
228 Walnut Street
P. O. Box 969
Harrisburg, Pa. 17108-0969

Charles Hardy, Esq.
Thomas Groshens, Esq.
Sprague & Sprague
135 S. 19th Street
Phila., Pa.

D. Brian Simpson
Asst. U.S. Attorney
228 Walnut Street, 2nd Floor
Harrisburg, Pa. 17108-1754

March 9, 2006

Peter Kovalchick

FindLaw | For the Public | For Small Business | For Legal Professionals | Find a Lawyer

# FindLaw
Lawyer Directory

**Legal Issue:** (e.g., Divorce)          **Location:** (e.g., Palo Alto, CA or 94306)

Find Lawyers!

| Browse by Location | Browse by Legal Issue | Search by Name | Advanced Search | Help & Tools |
|---|---|---|---|---|

FindLaw > Lawyer Directory > Lawyer Profile          🖨 Save  ✉ Email  🖨 Print  ✓ Update  📋 Get Listed



### Hon. Richard E. Fehling

**Firm:** United States Bankruptcy Court , Eastern Pennsylvania

**Address:** The Madison Building
400 Washington Street, 3rd Floor
Reading, PA 19601

**Phone:** (610) 320-5229

**Fax:**

**E-mail:**

**Web site:** http://www.paeb.uscourts.gov

---

Position                    Litigation Percentage          Bar Admissions
Education

**Current Employment Position(s):**

Bankruptcy Judge, since February 14, 2006

**Litigation Percentage:**

15% of Practice Devoted to Litigation

**Bar Admissions:**

Pennsylvania, 1979
U.S. Court of Appeals 3rd Circuit, 1982
U.S. District Court Middle District of Pennsylvania, 1980
U.S. District Court Eastern District of Pennsylvania, 1981
U.S. Supreme Court, 1985

**Education:**

The Dickinson School of Law, Carlisle, Pennsylvania

**Birth Information:**

1952, Reading, Pennsylvania, United States of America

**Profile Last Updated:**

3/4/2006

---

When viewing a listing, consider the state advertising restrictions to which lawyers and law firms must adhere, as
well as our West Legal Directory disclaimers.

*Exhibit 1*
*2 Pages*

Hon. Richard E. Fehling - a Reading, Pennsylvania (PA) Lawyer

**Legal Issue:** (e.g., Divorce)     **Location:** (e.g., Palo Alto, CA or 94306)

Find Lawyers!          Search by Name
                       Advanced Search

---

**FindLaw Lawyer Directory**     Browse by Location | Browse by Legal Issue | Search by Name | Advanced Search | Help & Tools

---

Copyright © 2005 FindLaw. ALL RIGHTS RESERVED     Privacy Policy   Disclaimer                    About FindLaw   Advertise on FindLaw

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:
PETER KOVALCHICK,                          *    Chapter 11
                          Debtor           *
                                           *    Case No. 5:01-bk-03870
                                           *
PETER KOVALCHICK,                          *
                          Plaintiff        *    Adversary No. 5:06-ap-50006
                                           *
Indispensible and Necessary Parties        *
                                           *
CYRUS P. DOLBIN, JUDGE                     *
OF SCHUYLKILL COUNTY                        *
COURT OF COMMON PLEAS                       *
                                           *
JOHN J. THOMAS, CHIEF JUDGE OF             *
BANKRUPTCY COURT, MIDDLE                    *
DISTRICT OF PENNSYLVANIA                    *
                                           *
                 v.                        *
                                           *
R/S FINANCIAL CORP., ROBERT J.             *
ROSENSTEIN, MIRIAM SMALLS,                  *
RICHARD A. SPRAGUE, SPRAGUE &              *
SPRAGUE, CHARLES J. HARDY, AND             *
THOMAS GROSHENS,                           *
                                           *
                 Defendants                *

---

DESIGNATION OF BANKRUPTCY JUDGE
FOR SERVICE IN ANOTHER DISTRICT WITHIN THE CIRCUIT

Pursuant to the provisions of 28 U.S.C. § 155(a), and after satisfying myself

that it is in the public interest to do so, I do hereby designate and assign the Honorable

Exhibit "2"
3 Pages

Richard E. Fehling of the Eastern District of Pennsylvania for such a period as is

necessary for the disposition of the above-entitled adversary matter.

Anthony J. Scirica, Chief Judge
United States Court of Appeals
for the Third Circuit

2

# UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

## CERTIFICATE OF MAILING

The undersigned deputy clerk hereby certifies that a true and correct copy of the attached document was served on the following by placing a copy of same in first class U.S. mail today, postage prepaid, addressed as follows:

PETER KOVALCHICK
411 SCHUYLKILL AVENUE
TAMAQUA PA 18252

Date:   March 8, 2006

Betzy Ozminskey, Deputy Clerk

MDPA-CERTADD.WPT-REV 09/05

**STEVENS & LEE**
A Professional Corporation

■ HOME   ■ NEWS   ■ ABOUT US   ■ LOCATIONS   ■ CONTACT US

NEWS

■ **Richard E. Fehling Appointed Stevens & Lee General Counsel**

READING, PA, Dec. 14, 2004 — Richard E. Fehling has been appointed General Counsel to Stevens & Lee by the firm's Executive Committee.

Mr. Fehling, a shareholder, has practiced at Stevens & Lee for more than 25 years and serves as Co-Chair of the Bankruptcy/Workout Department. As General Counsel, he will be the firm's chief legal officer and, among other things, supports Stevens & Lee's risk management activities, professional responsibility, in-house ethics and CLE programs.

He also continues to be responsible for the firm's recruiting, summer associate and associate mentoring program.

Mr. Fehling, a Reading native, is a member of the Pennsylvania Bar Association, Berks County Bar Section and is the member of the American Bar Foundation. He also serves on the Editorial Board of the Pennsylvania Bar Association publication. Mr. Fehling was a charter member and former chair of the Eastern District of Pennsylvania Bankruptcy Conference Steering Committee. He is a frequent speaker at litigation, financial distress, bankruptcy and professional ethics programs. Mr. Fehling received a J.D. magna cum laude (first in class) from The Dickinson School of Law (1979) and a B.A. from Yale University (1974).

**ABOUT STEVENS & LEE**
Stevens & Lee is a full-service professional services firm of approximately 160 lawyers and over 40 business and consulting professionals. The firm represents clients throughout the Mid-Atlantic region and across the country from 12 offices in the following locations: Reading, Harrisburg, Lancaster, Philadelphia, Valley Forge, the Lehigh Valley, Scranton and Wilkes-Barre, Pennsylvania; Princeton and Cherry Hill, New Jersey; and Wilmington, Delaware.

Exhibit "3"

Stevens & Lee, P.C. - a Lancaster, Pennsylvania (PA) Antitrust & Unfair Competition Law Firm

# FindLaw
Lawyer Directory

FindLaw | For the Public | For Small Business | For Legal Professionals | Find a Lawyer

| Browse by Location | Browse by Legal Issue | Search by Name |

Legal Issue (e.g. Divorce)     Location (e.g. Palo Alto, CA or 94303)     Find Lawyer

Advanced Search     Help & Tools

Save   Email   Print   Update   Get Listed

FindLaw > Lawyer Directory > Lawyer Profile

**Stevens & Lee, P.C.**
Address: 25 North Queen Street
Suite 602
P.O. Box 1594
Lancaster, PA 17608-1594
Map & Directions

Phone: (717) 291-1031
Fax: (717) 394-7726
E-mail: Contact Us

**Other Offices**

**Attorneys**

Attorneys:
Barlos, Todd R. - Associate
Dolles, Anna E. - Of Counsel
Eisenstein, John W. - Shareholder
Finkelstein, Marcia H. - Associate
Frieden, Susan R. - Shareholder
Huffman, Joseph P. - Shareholder
Kennery, Patrick M. - Risk Management Adviser
Kirby, Wesley R. - Shareholder
Kern, Carolyn W. - Shareholder
Lewis, Alvin B. - Of Counsel
Melchiand, Gary D. - Shareholder
Presant, Elizabeth J. - Health Care Risk Management Lancaster
Polis, Aaron K. - Shareholder
Seaton, James W. - Shareholder
Shelly, Joseph D. - Associate
Spencer, Brett H. - Shareholder

Exhibit "Y"

Pennsylvania Bar Association | Public Information

Pennsylvania Bar Association

Welcome to the Pennsylvania Bar Association's Public and General Information section. Please feel free to learn more about us and how we can help you and the legal community.

# STATE BAR ASSOCIATION ASKS SUPREME COURT TO INTERVENE

HARRISBURG (Aug. 7, 1997) – The Pennsylvania Bar Association last week filed a petition with the Supreme Court of Pennsylvania asking it to intervene in the confidentiality case surrounding judicial ratings, now pending on appeal in Commonwealth Court.

In its petition, PBA said that the "litigation has imperiled and frustrated a process in which there is a compelling public interest – the independent evaluation of the qualifications of judicial candidates by an organization that is free from political pressure."

The petition further states that the issue is of "immediate public importance" with the general election just three months away and warrants the high court's intervention.

Vincent J. Grogan, president of PBA, which sponsors the Pennsylvania Judicial Evaluation Commission, noted that the PBA is concerned that the lawsuit may have a "chilling effect" on comments regarding the qualifications of judicial candidates.

"The Commission is getting ready to evaluate retention candidates and I am afraid this litigation will hurt their work in collecting honest and fair comments about judges' qualifications," he said.

Since March when the lawsuit was filed, the Commission has operated under the threat that confidential information may be disclosed, but Grogan stressed that the PBA remains committed to supporting a system by which confidential and fair evaluations of judicial candidates are provided to the public.

*Exhibit "5"*
*4 pages*

Pennsylvania Bar Association | Public Information

"For more than a decade, various committees of the Pennsylvania Bar Association reviewed the qualifications of candidates for statewide judgeships," Grogan said. "This process is citizen-driven and independent. To disclose confidential comments of people who were initially promised anonymity, would destroy a system that provides valuable information to voters."

Last March, just a few weeks after the PBC announced its rating of judicial candidates running in the Republican primary, Attorneys Alvin B. Lewis and Richard A. Sprague filed a lawsuit in the Court of Common Pleas of Lancaster County demanding access to confidential documents used by the Commission in rating appellate court candidates.

Following a hearing, the court ruled in favor of Lewis and Sprague and ordered PBA to turn over the documents, but the PBA obtained a stay pending an appeal in Commonwealth Court.

PBA and their opponents, who also filed a petition with the Supreme Court, must now wait for a decision from the Court as to whether they will hear the case. If the Court refuses, the appeal will remain in Commonwealth Court.

Grogan noted that the timing of the case is critical because of the six vacancies on the appellate courts.

"Voters will elect one Supreme Court justice, four Superior Court judges and one Commonwealth Court judge in November. With so many names on the ballot, the judicial ratings are important to help voters decide which candidates are the most qualified. This is a valuable public service — well worth protecting."

CONTACT: Vicki Hoak or Joseph Butera 800-238-2377



100 South Street - P.O. Box 186 - Harrisburg, PA

**All Phone Numbers Listed Are In The 717 Area Code**

| ATTORNEYS | | |
|---|---|---|
| Aardvark Abstracting Ltd | 33 N Duke St | 394-0521 |
| Accident Attorneys | 223 N Duke St | 295-7009 |
| Accident Injury Firm | 240 N Duke St | 397-3200 |
| Adams Laurence J MD Jd Assoc Medical Legal | 822 Martha Ave | 397-1781 |
| Alspach And Ryder Attys | 232 N Duke St | 393-3939 |
| American Civil Liberties Union Lanc Chapter | 43 N Lime St | 393-3971 |
| Anstine Dale E Law Offices | 131 E Grant St | 291-1796 |
| Appel Andrew Hooker | 11 N Duke St | 295-4532 |
| Appel & Yost LLP | 33 N Duke St | 394-0521 |
| Armstrong Gregory T | 428 N Duke St | 291-6537 |
| Arnold Beyer & Homsher Attys | 110 E King St | 394-7204 |
| Atlee Hall & Brookhert LLP | 8 N Queen St | 393-4901 |
| Barley Snyder Senft & Cohen Attys | 126 E King St | 299-5201 |
| Bennett Bricklding & Saltzburg LLP | 100 S Queen St, 3rd Flr | 393-4400 |
| Blakinger Byler & Thomas PC | 28 Penn Sq | 299-1100 |
| Boyd Law Assoc | 243 N Duke St | 392-2817 |
| Central Pennsylvania Legal Services Client Serv | 10 S Prince St | 299-0971 |
| Clymer & Covelens PC | 23 N Lime St | 299-7101 |
| Dell & Winkle LLP | 8 N Queen St | 581-0620 |
| Easby & Easby Attys | 3 Central Plz | 397-7747 |
| Flanagan & Benner | 150 E Chestnut St | 397-9444 |
| Geisenberger & Cooper PC | 45 E Orange St | 397-3500 |
| Gibbel Kraybill & Hess Attys | 41 E Orange St | 291-1700 |
| Gingrich Smith Klingensmith & Dolan | 45 E Orange St | 393-3684 |
| Going & Plank Attys | 140 E King St | 392-4131 |
| Goodling Karen Paralegal | 53 N Duke St | 390-0570 |
| Hagelgans & Veronis | 223 N Duke St | 295-7009 |
| Hartman Underhill & Brubaker Attys | 221 E Chestnut St | 299-7254 |
| Herr Greer & Hoberg Attys | 45 E Orange St | 394-0601 |
| Herr & Low PC | 234 N Duke St | 397-7544 |
| Jackson Jozefa K Atty At Law | 53 N Duke St | 391-9694 |
| Kegel Kelin Almy & Grim LLP | 24 N Lime St | 392-1100 |

| | | |
|---|---|---|
| Kluxen & Newcomer Attys At Law | 339 N Duke St | 393-7885 |
| Lancaster Bar Association | 28 E Orange St | 393-0737 |
| Law Office of William Chillas | 36 E King St | 293-1500 |
| Legal Services | 10 S Prince St | 299-0971 |
| Legal Services Lawyer Referral Service (Bar Assn) | 0 | 393-0737 |
| Lehman & Lehman Attys | 230 N Duke St | 392-3711 |
| Marks Felner & Fridkin PC | 930 Redrose Ct | 393-8665 |
| May and Metzger LLP | 49 N Duke St | 299-1181 |
| McIntyre Law Firm Attys | 240 N Duke St | 397-3200 |
| Mikus Law Assocs | 408 W Chestnut St | 299-4575 |
| Milanovich & Espinosa LLC | 33 E Orange St | 293-1400 |
| Morgan Hallgren Crosswell & Kane Attys | 700 N Duke St | 299-5251 |
| Newcomer Melvin E Attorney Ofc | 339 N Duke St | 393-7885 |
| Nikolaus & Hohenadel Attys | 212 N Queen St | 299-3726 |
| O'day Law Assocs | 158 E Chestnut St | 393-4001 |
| Post & Schell PC | 237 N Prince St | 291-4532 |
| Pyfer And Reese Attys | 128 N Lime St | 299-7342 |
| Ranck And Ranck Attys | Duke & Chestnut | 299-6331 |
| Reidenbach II, The Office of Kenneth G. | 36 E King St | 295-9159 |
| Rhoads & Sinon Attys | 15 N Lime St | 397-5129 |
| Rosenstein & Romano Pc Attys | 0 | 392-2019 |
| Russell Krafft & Gruber | 930 Redrose Ct | 293-9293 |
| Seitzinger Habib Allen & Randazzo PC | 143 N Duke | 396-1218 |
| Shertzer Law Offices | 43 N Lime St | 393-3971 |
| Shirk Reist Wagenseller & Mecum Attorneys | 132 E Chestnut St | 394-7247 |
| Solove & Blair Attys | 180 Good Dr | 291-1177 |
| Sprague & Lewis Ltd | 116 E King St | 390-8880 |
| Stevens & Lee Counselors at Law | 1 Penn Sq | 291-1031 |
| Tenant Landlord Problems Central Pa Legal Services / Unfair Treatment Central Pa Legal Services | 0 | 299-0971 |
| Unfair Treatment Lancaster Bar Association (Lawyer Grievances) | 0 | 393-0737 |
| Vanormer & Assocs | 0 | 392-3919 |
| Wagman Ashworth Kreider & Wright | 222 E Orange St | 391-7000 |
| Walmer Law Office | 131 E. Grant St., Suite 103 | 393-1400 |
| Wright Vickey Atty At Law | 18 N Christian St | 390-2626 |

Lancaster County Convention Center Opinion - NewsLanc.com - News from Lancaster County, PA

# NewsLanc.com

REF Productions, Inc.

Independent News and Opinion for Lancaster County, Pennsylvania

Robert Edwin Field, Publisher          Christiaan A. Hart-Nibbrig, Editor

HOME – OUR MISSION – EDITOR'S NOTE – PUBLIC COMMENT – NEWSPAPER DISTORTION WATCH DOG

## We Speak for the Vast Majority of City and County Residents who oppose Government Loan Guarantees for the Misguided Convention Center/Hotel Project

**$137 million without a Feasibility Study is Madness!**
A reputable national consulting firm should be engaged to undertake a full feasibility study and the results should be made public. To date, there has apparently been only one out-of-date marketing report not meant by its author to be used as a feasibility study, and its findings were inconclusive, if not negative. Meanwhile, convention centers are disappointments throughout the country. (www.NewsLanc.com) An unsuccessful project could result in higher taxes, reduced government services, a stagnant downtown economy, and inability to accomplish worthy projects for lack of public funding for decades.

**City families are asked to risk $5,000 each.**
The City would guarantee bond issues totaling $36,000,000; that's almost $5,000 per family. The guarantee could turn out to be like borrowing money against their homes.

**Stevens & Lee: $5,324,533 in Convention Center Legal Fees**
The Stevens & Lee law firm represents the Lancaster County Convention Center Authority (LCCCA) and the Lancaster County Commissioners. Stevens & Lee has received $5,324,533 in payments from the Convention Authority. It is our understanding that $3,000,000 is largely ascribed to litigation over the Hotel Sales Tax several years ago. (The hoteliers spent $800,000.) An additional $2,324,533 has been subsequently paid to the firm. Note: Stevens & Lee has also reportedly declined to submit an itemization of the sale of Conestoga View for $8,500,000. The Commissioners are currently considering replacing Stevens & Lee as County Solicitors.

**LCCCA BOARD MEMBERS CALL FOR MORATORIUM ON CONVENTION CENTER CONSTRUCTION UNTIL COSTS ARE FINAL. Also announce Public "County Meetings"**

**PriceWaterhouseCoopers Asks that Name be Taken off LCCCA Website**

**LCCCA Board Members Alarmed at Decision-Making Process**

**Fox-43 Poll Shows 4 out of 5 County Residents Oppose Bond Guarantees for Hotel/Convention Center**

**Study Shows Convention Centers Bad Business**

*Exhibit "9"*
*3 pages*

http://www.newslanc.com/news3.asp

3/8/2006

**Nationwide**

**Citizens Speak out Against Convention Center**

**Stevens & Lee: Project Lawyers Bill Over $5 Million**

## Lancaster Newspapers: Mishandling of Conflict of Interest

Lancaster Newspaper, Inc. is a limited partner in the proposed Convention Center. Owning the morning, afternoon, and Sunday newspapers creates a public trust. Reporting on issues in which the newspapers have a financial interest requires an even higher standard of objectivity. Historically, each newspaper had an independent voice. More recently, much of the reporting on the Convention Center and related matters appears slanted and self-serving, and many of the columns and editorials appear biased.

## Lancaster Newspapers: Spin, Distortions, and Attacks

Probably because of Commissioner Dick Shellenberger's principled opposition to the Convention Center, the newspapers have published strident attacks on Shellenberger on this and other issues with the apparent goal of precipitating his resignation and the appointment of a successor who will support the project. The newspapers have lost their moral compas.

## Partial List of Convention Center Authority's Extravagancies:

* Stevens & Lee (lawyers) - $5,324,533
* Sprague & Sprague (lawyers)- $646,341
* Growth Business Development - $591,385
* Metrovision - $409,447
* $216,000 annually in bond maintenance expenses

## Bond Swap is meant to the Commissioners' hands

The bond swap would substitute a fixed rate of interest for a variable rate and could lead to an $8 million dollar penalty to cancel the bond should the project be abandoned. The intention seems to be to make project cancellation impractical and to thwart the public will. (In a recent Fox–43 poll, 79% of Lancaster County residents who offered an opinion opposed government guarantees of Convention Center and Hotel bonds.) The four member majority on the Convention Center Authority is rubber-stamping the approval of huge contracts and the bond swap while disregarding the urgent requests of the three newly appointed members for time to review past records, to study current proposals, and to discuss the issues at their meetings.

## Demolition: Folly before total costing

Marriott Hotel investors want to tear down Watt & Shand and the Thaddeus Stevens House now, which would create a giant hole in the ground in the heart of the city. They want to do this before final costing has taken place. Isn't it bad faith to create

Lancaster County Convention Center Opinion - NewsLanc.com - News from Lancaster County, PA

an irreversible action in order to prevent the possibility of these buildings being incorporated into an alternative project?

**RACL: Don't pay $7 million for Buildings worth $1.25 million.** Why should the Redevelopment Authority for the City of Lancaster (RACL), a city authority, bail out convention center investors by paying them $7 million for a property appraised at $1.25 million? $7 million amounts to about $600 per city family household!

**SEND THIS TO A FRIEND**

**Please send your letters or submissions to newslanc@aol.com**

3/8/2006

http://www.newslanc.com/news3.asp

**DELL**™

Return to: Search Results

This is G o o g l e's cache of http://sentencing.typepad.com/sentencing_law_and_policy/2004/07/end_of_day_news.html as it appeared on the Web. G o o g l e's cache is the snapshot that we took of the page as we crawled the Web. The page may have changed since that time. Click here for the current page without highlighting. To link to or bookmark this page, use the following url: http://www.google.com/search?q=cache:... 

Best Blog
by a Law Professor,
2005

*— Blawg Review*

Google is not affiliated with the authors of this page nor responsible for its content.

○ **LexisNexis**·

NETWORK
SPONSOR

# SENTENCING LAW AND POLICY

A Member of the Law Professor Blogs Network

**BLOG OWNER**

Douglas A. Berman

William B. Saxbe
Designated Professor of
Law

Moritz College of Law at
The Ohio State University

Email Me

Web Profile

Recent Scholarship

C.V.

**MoritzLaw**

*Support provided by the
Moritz College of Law
Center for Law, Policy and
Social Science*

« Revised King-Klein Beyond Blakely | Main | Thoughts and holdings on Blakely retroactivity »

## July 14, 2004

### End of day news and commentary

The Blakely news and corresponding media coverage is growing as everyone figures out how big this story is. The Wall Street Journal (which unfortunately does not provide content on-line without a subscription) may have on Wednesday another in its series of thoughtful articles about the Blakely fall out. In addition, here's a brief (and surely incomplete) run-down of other noteworthy Blakely news.

**Federal Developments:** this AP story reports that U.S. District Judge Stewart Dalzell (ED Pa.) sentenced Frederick Leach to a 15-year term in a

*Exhibit "7" 9 pages*



# Sentencing Law and Policy: End of day news and commentary

drug case instead of the guideline recommended 30-year term citing *Blakely*, Martha Stewart's sentencing is scheduled for Friday though U.S. District Judge Miriam Goldman Cedarbaum has not yet ruled on Stewart's lawyers' request to declare the federal sentencing guidelines unconstitutional -- this thoughtful article details the strategic challenges Stewart faces in deciding whether to speak at the sentencing.

MORE: This article dicusses Blakely issues in a Virginia District Court; this article reports that U.S. District Judge Michael J. Reagon of SD Ill. has continued all his sentencings to September or October; this article reports that U.S. District Judge John Manos has concluded that "the Blakely case does not affect federal law"; and this article quotes Deb Phillips of the U.S. attorney's office in Nashville saying, "Right now, [Blakely will] just be a blip."

**State Developments:** according to this article, Tennessee Criminal Court Judge Rebecca Stern sentenced a man convicted of raping an 82-year-old woman to a minimum 25-year sentence on Monday and said her sentence was limited by the *Blakely* ruling; and according to this article, Washington State Superior Court Judge Richard Strophy reduced by 19 months the sentence of a convicted murderer Monday relying on *Blakely*.

**Other Commentary:** Jason Hernandez over at the Blakely Blog provides this thoughtful run-down of issues raised during today's Senate hearing; Professor Kyron Huigens over at Punishment Theory continues his analysis of the problems he has with Justice Breyer's metaethics.

**My own two cents:** I found the Senate hearing very heartening with its consistently thoughtful and balanced discussion of many tough issues and its hints that at least a few Senators might want to re-think some major elements of the existing federal sentencing scheme. In the debate over the current "chaos" and the need for a quick fix, I continue to think it is very significant that the USSC asserts "that a majority of the cases sentenced under the federal guidelines do not receive sentencing enhancements that could potentially implicate *Blakely*." USSC Written Testimony at p.2 (emphasis added). Finally, since DOJ representative William Mercer's suggested that the time for legislative action might be in August, I am fearful that DOJ, if it feels that judges are low-balling sentences post-*Blakely*, will return to the Hill later this summer to seek a pro-prosecution "fix."

2005-2006 Supplement,
Sentencing Law & Policy

## Search

**MY BOOKS &
JOURNALS**



*Sentencing Law & Policy*
(Aspen Publishers, 2004)





LexisNexis is pleased to announce the availability of The Art and Science of Trial Advocacy by L. Timothy Perrin, H. Mitchell Caldwell & Carol A. Chase

This book combines both the theoretical and practical dimensions of trial advocacy to help both law students and practicing attorneys excel at trial
• Prescription
• Request a complimentary copy (faculty only)
• Purchase a copy

LexisNexis is pleased to announce the availability of Appellate Advocacy: Principles and Practice by Ursula Bentele & Eve Coryl

Sentencing Law and Policy: End of day news and commentary

(Aspen Publishers, 2005)



FSR
*Federal Sentencing Reporter*

Ohio State
Journal of
Criminal Law

Ohio State Journal of
Criminal Law

**TOPICAL ARCHIVE**

Advisory Sentencing Guidelines

---

July 14, 2004 at 12:49 AM | Permalink

**TrackBack**

TrackBack URL for this entry:
http://www.typepad.com/t/trackback/920299

Listed below are links to weblogs that reference End of day news and commentary:

**Comments**

I would really like to see what the USSC is referring to when it states that the majority of federal sentences do not involve Blakely factors (assuming Blakely applies, which they also state it does not). In my experience, I cannot make such an assertion. Ask them for their source as to these numbers. And, even if only 20% involved Blakely factors, it would still be a big problem, I would think.

Posted by: Tom Lincoln | Jul 14, 2004 1:56:37 AM

Tom, I agree with you completely. My own guess of the percentage of cases with Blakely issues would have been much higher. I'm waiting to see more stats from the USSC to support its assertion. Also, I agree that Blakely causes big issues even if only a small percentage of cases include Blakely factors --- cf. the importance of Apprendi even when only applied to legislative statutory maxs --- but my own opinion on the need for a legislative fix is influenced in part by just how many cases are impacted. Thanks for the thoughtful comments.

Posted by: Doug B. | Jul 14, 2004 7:26:13 AM

With regard to the Honorable Judge Stewart Dalzell, I invite you to go to my website freetisalambert.com and there you can read the unedited transcripts from the infamous 1997 habeas hearing which resulted in Lisa Lambert's well-deserved freedom. It was short-lived, thanks to millions of dollars and Alvin B. Lewis and Richard Sprague......who, with their

---





This book uses court opinions, extensive explanatory text, strategic guides, and exercises to present the background necessary for students to develop effective appellate advocacy skills.
· Table of Contents
· Request a complimentary copy (faculty only).
· Purchase a copy

LexisNexis is pleased to announce the availability of Trial Techniques and Evidence by Michael R. Fontham

This book explains the purpose and application of each evidence rule.
· Description
· Request a complimentary copy (faculty only).
· Purchase a copy

LexisNexis is pleased to announce the availability of Understanding White Collar Crime by J. Kelly Strader

# Sentencing Law and Policy: End of day news and commentary





considerable clout, politically, flew in a "designated" Judge from the Ninth Circuit in California, Arthur Alarcon, to sit on the Three-member Third Circuit Panel which overturned his decision on a "technicality".

Sprague and Lewis, also, it should be noted were on the House Select Committee on Assassinations and were effective in clouding the Investigation of both John F. Kennedy's assassination and Martin Luther King Jr.'s assassination.

Dalzell should have been given a medal of honor for what he uncovered in Lisa Lambert's so-called trial. Instead, he has been drug through the mud.

It's an outrage. The Third Circuit Court of Appeals has lied in their opinion concerning Lisa's innocence. I am currently taking apart their opinion and have facts to support my claim that they have lied in making their decision to keep an innocent woman in prison.

It is truly disturbing.

The Brady-Gigllo violations in Lisa's trial were outrageous and many. She proved, In Dalzell's courtroom, at least 25 instances of prosecutorial misconduct. Why all this is ignored by the Third Circuit should disturb all Americans, and especially those in the Commonwealth of Pennsylvania.

On my website freelisalambert.com you can read the entire 3-week hearing that Judge Stewart Dalzell presided over and experience for yourself the reasons why he set Lisa Lambert free.

The Third Circuit should be ashamed, embarrassed, and hopefully, the en banc hearing Lisa is seeking now will reveal a more encouraging outcome which should never have been overturned in the first place.

We all, as Americans, should thank God that a Judge like Dalzell is still sitting on the bench. He is honest, accountable to no-one, and not afraid to make decisions that may anger closed and blind communities such as Lancaster County PA, to what is real and true.

2 months before his re-election, George W. Bush traveled to Lancaster County and convinced the Amish to vote for him. They did.

Almendarez-Torres and the prior conviction exception

Applicability of Blakely to FSG

Apprendi / Blakely Retroactivity

Blakely Commentary and News

Blakely in Appellate Courts

Blakely in Legislatures

Blakely in Sentencing Courts

Blakely in the States

Blakely in the Supreme Court

Booker and Fanfan Commentary

Booker in district courts

Booker in the Circuits

Clemency and Pardons

Criminal Sentences Alternatives

Death Penalty Reforms

Drug Offense Sentencing

Federal Sentencing Guidelines

Legislative Reactions to Booker and Blakely

Offender Characteristics

## LINKS & RESOURCES

Federal Sentencing Reporter

Vera Institute's State Sentencing and Corrections Program

United States Sentencing Commission

State Sentencing Commissions

**Sentencing Law and Policy: End of day news and commentary**

Offense Characteristics

Procedure and Proof at Sentencing

Purposes of Punishment and Sentencing

Race, Class, and Gender

Recuenco and review of Blakely error

Scope of Imprisonment

Sentences Reconsidered

Severability of FSG

Sex Offender Sentencing

State Sentencing Guidelines

Who Sentences?

The Archives

**RECENT POSTS**

What does Justice Alito think about Blakely and Booker?

Sixth Circuit embraces presumption of reasonableness

Two (lung) reports on problems administering the death penalty

Bernie Ebbers gets sympathetic sentencing ear in Second Circuit

---

They have no sons or daughters fighting in Iraq. They don't believe in war. But they believe that somehow an ex-cocaine addict, and alcoholic, can somehow be born again and deserve not just one term, but two as President.

It's not that surprising really. The Amish are a huge number of votes. They can't stop having kids. Who cares if the majority of them have diseases we have no cure for?

When it comes time to find human bodies to test new drugs on, they are the bread winners.

The drug companies are making a fortune off the Amish. So is George W.

They do not sue anybody in a court of law. If an Amish person dies because of a risky operation, as in "genetic research", or FDA approved sought drug research.....involving an Amish person as guinea pig, it's not a problem.

Have you noticed how many FDA approved drugs lately have been taken off the market because of the deadly side-effects? Vioxx, most recently.

These drugs were already "tested" on the Amish, and we will never know how many people died as a result. Imagine if you will having a massive group of people whose religion forbids them from suing anybody?

Imagine you are a drug company eager for FDA approval? Your subjects are waiting in Lancaster County.......your profits are not far behind.

The risk factor? Zero.

You might wonder, why George W. Bush would schmooze the Amish so heavily.

Stay tuned.

Sincerely, Heather Johnston editor: freelisalambert.com

Posted by: Heather Johnston | Nov 5, 2004 10:55:34 PM

---

Death Penalty Information Center

The Sentencing Project

Families Against Mandatory Minimums

Additional Resources on Sentencing Law

2004 Sentencing Highlights

2005 Sentencing Highlights covering January - June

2005 Sentencing Highlights covering July - December

**BOOKER PAGES**

Booker Basics

USSC Booker Page

NACDL Booker Page

NACDL Page on Federal Sentencing After Booker

Defenders Booker Page

Booker anniversary reading

**BLAKELY PAGES**

Blakely Basics

Blakely in the States

NACDL Blakely Page

FDAP Blakely Page

Sentencing Law and Policy: End of day news and commentary

What is the Sentencing Commission fiddling while the crack guidelines burn?

Could (and should) the Enron trial impact Jamie Olis resentencing?

Blogging from death row

Contrasting perspectives on the post-Booker world

ABA report calls for Georgia DP moratorium

Weekend capital punishment reading

**WEEKLY ARCHIVE**

January 30, 2006 - February 5, 2006

January 23, 2006 - January 29, 2006

January 16, 2006 - January 22, 2006

January 9, 2006 - January 15, 2006

January 2, 2006 - January 8, 2006

December 26, 2005 - January 1, 2006

December 19, 2005 - December 25, 2005

December 12, 2005 - December 18, 2005

- - - -

With regard to the Honorable Judge Stewart Dalzell, I invite you to go to my website freelisalambert.com and there you can read the unedited transcripts from the infamous 1997 habeas hearing which resulted in Lisa Lambert's well-deserved freedom. It was short-lived, thanks to millions of dollars and Alvin B. Lewis and Richard Sprague....who, with their considerable clout, politically, flew in a 'designated' judge from the Ninth Circuit in California, Arthur Alarcon, to sit on the Three-member Third Circuit Panel which overturned his decision on a 'technicality'.

Sprague and Lewis, also, it should be noted were on the House Select Committee on Assassinations and were effective in clouding the investigation of both John F. Kennedy's assassination and Martin Luther King Jr.'s assassination.

Dalzell should have been given a medal of honor for what he uncovered in Lisa Lambert's so-called trial. Instead, he has been drug through the mud.

It's an outrage. The Third Circuit Court of Appeals has lied in their opinion concerning Lisa's innocence. I am currently taking apart their opinion and have facts to support my claim that they have lied in making their decision to keep an innocent woman in prison.

It is truly disturbing.

The Brady-Giglio violations in Lisa's trial were outrageous and many. She proved, in Dalzell's courtroom, at least 25 instances of prosecutorial misconduct. Why all this is ignored by the Third Circuit should disturb all Americans, and especially those in the Commonwealth of Pennsylvania.

On my website freelisalambert.com you can read the entire 3-week hearing that Judge Stewart Dalzell presided over and experience for yourself the reasons why he set Lisa Lambert free.

The Third Circuit should be ashamed, embarrassed, and hopefully, the en banc hearing Lisa is seeking now will reveal a more encouraging outcome which should never have been overturned in the first place.

We all, as Americans, should thank God that a Judge like Dalzell is still sitting on the bench. He is honest, accountable to no-one, and not afraid to

**CRIMINAL LAW BLOGS**

Talk Left

Grits for Breakfast

Criminal Appeal

CrimLaw

Crime & Federalism

CrimProf Blog

White Collar Crime Prof

PRACDL Blog

D-Web Law Blogs

Habeas Corpus Review

**OTHER LAW BLOGS**

Appellate Law & Practice

How Appealing

Legal Theory Blog

SCOTUSblog

blackprof

ACSBlog

The Volokh Conspiracy

Conglomerate

PrawfsBlawg

Balkinization

# Sentencing Law and Policy: Best of day news and commentary

December 5, 2005 -
December 11, 2005

November 28, 2005 -
December 4, 2005

The Archives

make decisions that may anger closed and blind communities such as Lancaster County PA, to what is real and true.

2 months before his re-election, George W. Bush traveled to Lancaster County and convinced the Amish to vote for him. They did.

They have no sons or daughters fighting in Iraq.
They don't believe in war. But they believe that somehow an ex-cocaine addict, and alcoholic, can somehow be born again and deserve not just one term, but two as President.

It's not that surprising really. The Amish are a huge number of votes. They can't stop having kids. Who cares if the majority of them have diseases we have no cure for?

When it comes time to find human bodies to test new drugs on, they are the bread winners.

The drug companies are making a fortune off the Amish. So is George W.

They do not see anybody in a court of law. If an Amish person dies because of a risky operation, as in "genetic research", or FDA approved sought drug research......involving an Amish person as guinea pig, it's not a problem.

Have you noticed how many FDA approved drugs lately have been taken off the market because of the deadly side-effects? Vioxx, most recently.

These drugs were already "tested" on the Amish, and we will never know how many people died as a result. Imagine if you will having a massive group of people whose religion forbids them from suing anybody?

Imagine you are a drug company eager for FDA approval? Your subjects are waiting in Lancaster County.......your profits are not far behind.

The risk factor? Zero.

You might wonder, why George W. Bush would schmooze the Amish so heavily.

BLOG TRAFFIC

Since June 28, 2004

I'm a
Adorable Little Rodent
in the
TTLB Ecosystem

NEWS READERS
& FEEDS

Professor Bainbridge

Althouse

Concurring Opinions

Progressive Law Blogs

Law Dork

JD2B

Crescat Sententia

WSJ Law Blog

JURIST

LawCulture

Sentencing Law and Policy: End of day news and commentary

Stay tuned.

Sincerely, Heather Johnston editor: freetislambert.com

Posted by: Heather_Johnston | Nov 5, 2004 10:56:59 PM

http://glanceuphotonet.com/wwwboard/messages/68.html
apertmanhoodrsped

Posted by: znfist | Sep 6, 2005 6:31:46 PM

http://www.dataike-net.com/wwwboard/messages/749.html
dayemeraldmalvertsntly

Posted by: gesl | Sep 18, 2005 10:23:11 PM

http://www.dutchess-studio.com/wwwboard/messages/44239.html
dayemeraldmalvertsntly

Posted by: aspirit | Sep 26, 2005 1:19:09 AM

http://webmarket_org.com/CGI/wwwboard/messages/41777.html
apertmanhoodrsped

Posted by: amndiesl | Nov 2, 2005 12:07:53 AM

Three phrases should be among the most common in our daily usage. They
are: Thank you, I am grateful and I appreciate.

Posted by: dna genetics | Jan 2, 2006 7:09:47 PM

Post a comment

In the body of your email,        Comments:

THE SOFTWARE

Enter your email address to
subscribe to this blog:

Subscribe me!
Powered by FeedBlitz

Enter your email address to
subscribe to this blog:

subscribe
Powered by Bloglet

Powered by TypePad

Sentencing Law and Policy: End of day news and commentary

please indicate if you are
a professor, student,
prosecutor, defense
attorney, etc. so I can
gain a sense of who is
reading my blog. Thank
you, DAB

Name:

Email Address:

URL:

Preview    Post

## STEVENS & LEE
### A PROFESSIONAL CORPORATION

■ HOME   ■ NEWS   ■ ABOUT US   ■ CONTACT US

PROFESSIONALS   |   PRACTICE AREAS   |   LOCATIONS   |   RECRUITING

NEWS

# ■ Richard E. Fehling Serves as a Panelist at the Annual Conference of the Middle District of Pennsylvania Bankruptcy Association

READING, PA, June 17, 2002 – Richard E. Fehling was a speaker at the Annual Conference of the Middle District of Pennsylvania Bankruptcy Association on June 17th. He was a member of a panel which discussed "Ethical Issues for One and All – Tales From the Dark Side."

Mr. Fehling, a shareholder at Stevens & Lee, concentrates his practice on bankruptcy and related commercial litigation. He was a member of the Pennsylvania Bar Association task force on Pennsylvania insolvency laws and is on the Editorial Board of the Pennsylvania Bar Association publications. Mr. Fehling was a charter member of the Eastern District of Pennsylvania Bankruptcy Conference Steering Committee and served as Chair of the Conference in 1996-1997. He is a frequent lecturer at litigation, financial distress, bankruptcy and professional ethics programs and is responsible for the Firm's Associate recruiting and training. Mr. Fehling received a J.D. magna cum laude (first in class) from The Dickinson School of Law (1979) and a B.A. from Yale University (1974). He is based in the firm's Reading office.

### About Stevens & Lee

Stevens & Lee is a professional services provider with over 180 lawyers and non-lawyer professionals providing specialty legal and business consulting services to regional, national and international clients. Stevens & Lee's specialty practices include: bankruptcy and workout; health care law; specialty litigation; corporate finance, securities and mergers and acquisitions; labor and employment; antitrust; tax-exempt finance; intellectual property and e-commerce law; estates and trusts; financial services law; higher education and college finance; environmental law; tax law; and real estate, housing and construction law. The Firm maintains offices in Reading, Lancaster, Philadelphia, Valley Forge, Harrisburg, the Lehigh Valley, Scranton and Wilkes-Barre, PA, Cherry Hill, NJ and Wilmington, DE.

© 2006 Stevens & Lee P.C.

all rights reserved

disclaimer

professionals | practice areas | locations | recruiting

news | contact us | about us | home

Exhibit "8"

March 20, 2006


Richard Fehling, Bankruptcy Judge
Eastern Bankruptcy Court,
400 Washington Street
Reading, Pa. 19601

    RE:  Peter Kovalchick – Debtor/Plaintiff  v. Dolbin, et al, indispensable/necessary
                parties, and Richard A. Sprague, et. al.
                    Adversary NO. 06-02008
                    Transferred from Middle District Bankruptcy – 06-50006


Dear Judge Fehling:

    I am writing you this courtesy letter, regarding my Motion for your
Recusal/Disqualification.  As you know, based on your associations with Sprague &
Sprague, Richard Sprague, Alvin Lewis, and Judge France, who was the former Judge on
this case, I have asked for your recusal.  I believe, that you should not have even accepted
the assignment when you saw who was involved.

    Unless, I hear from you within the week , I will have no choice, but to move forward
and file a complaint for Disqualification.  The Defendants, Sprague, his law firm,
attorneys and clients have all defaulted in this case before you. My Default Judgments
and Affidavits have been filed with the Court.  I intend to move forward with execution
procedures, as my justice has been delayed for almost twenty-three years.  I am copying
all of the Defendants in regards to this matter. I filed all necessary documents for the
default judgment, the Clerk put them on the docket and they are being held evidently in
your office, and the judgment amount has not been entered. Enclosed is a copy of the
Bankruptcy Procedure.


Very truly yours,


Peter Kovalchick


Cc: Richard Sprague, Esq., Charles Hardy, Esq., Thomas Groshens, Esq., A. Taylor
Williams, Esq., D. Brian Simpson.

Exhibit "2"
2 pages

defendant is liable to the plaintiff. The form of the counterclaim, cross-claim and/or third-party should be the same as the complaint and clearly captioned as such.

A **Motion** is an application or request made to the court for the purpose of obtaining a ruling or order directing some act to be done in favor of the applicant. See, Rule 7(b) of the Federal Rules of Civil Procedure.

**After the Answer.**     The summons sets the date and time for an initial pretrial conference or scheduling conference.   Counsel or parties may appear by telephone at the pretrial/scheduling conference.   Failure to attend the initial pretrial conference may result in dismissal of the case (against plaintiff) or judgment (against defendant). During the course of the case there may also be motion hearings, and a final pretrial conference before trial.

**If there is No Answer.**     If the defendant does not file an answer by the date set forth on the summons, he or she is in default.  Plaintiff can obtain a default judgment for the relief requested.  To obtain this judgment, plaintiff submits to the Clerk an "Entry of Default in Adversary Proceeding" with

1.  a motion for default judgment or affidavit of default and
2.  the proposed default judgment.

The Clerk reviews the record and the motion or affidavit, enters the default, and then transmits the entire group of documents to the judge's office for review and signature.  The motion or affidavit of default should include:

1.  date of issuance of summons,
2.  date of service of the complaint and summons,
3.  date of filing of proof of service,
4.  a statement of when the answer was due,
5.  a statement that no answer or motion has been received, and
6.  a statement that the defendant is not in the military service, as required by 50 U.S.C., Appendix, section 520.

**General Matters.**     Whenever you file a document with the Court, you must always:

1.  Send a copy to each of the parties, or their lawyers, who are involved in the case and indicate at the end of the document that you have done so. This lets the Court know that all parties have been served a copy of the same document you are filing.
2.  Provide the correct caption of the case on the document.
3.  Sign all documents you file with the Court.  Place the words "PRO SE" after your name.  Place your address and telephone number on all documents.
4.  Be certain to keep copies of all your documents. The Clerk's Office is not obligated to provide copies of documents free of charge.

January 30, 2006

In re: Bankruptcy case no. 01-03870
Adversary  no. 06-50006

LETTER TO JUDGE FRANCE (5 pages and enclosures)

Honorable Mary France
Middle District Bankruptcy
Harrisburg, Pa.

Dear Judge France,

As you know, at the preliminary injunction hearing on January 24, 2006, of the above captioned matter, I recognized when I saw you, that you were the Assistant Trustee, on my bankruptcy case, that managed the case and conducted the creditor's Meeting. Therefore, you have personal knowledge of the case. I have done some Research regarding this matter, and this is what I have found:

Canon 3C(1) –

(1) A judge shall disqualify himself or herself in a proceeding in which the Judge's impartiality might reasonably be questioned, including but not limited to instances in which:

(a) the judge has a personal bias or prejudice concerning a party, or *Personal knowledge of disputed evidentiary facts concerning a Proceeding;*

. . .

© the judge knows that [he or she] . . . has a financial interest in the Subject matter in controversy . . . *or other interest that could be affected Substantially by the outcome of the proceeding;*

(d) the judge . . .:

(i) is a party to the proceeding . . .
(iii) is known . . . to have an interest that could be substantially affected by the outcome of the proceeding; or
(iv) is . . . likely to be a material witness in the proceeding.

Exhibit "3"
5 Pages

I believe, that you are in the above-stated canon position. I am enclosing several documents, evidencing your U.S. Trustee position in my 01-03870. As you know, as a matter of routine, creditors committees are set up in Chapter 11 filings. Not so in my case.

While, as Debtor In Possession, I filed both objections to any claims by the R/S Financial Corp. (who never had a banking license in Pennsylvania) to either a valid judgment pursuant to a garnishment (extrinsic fraud) or an legitimate deed from A Sheriff Sale in Schuylkill County. See, adversary case no.05-50295. See, Explanatory Comment of the Supreme Court of Pennsylvania, Rules 3025 through 3049. Amendments in 2003. See page nine, re: Shearer v. Naftzinger, 747 A.2d 859, 861 (Pa. 2000),

> … A money judgment acts as a lien against real property, but only for five years. The lien must be continued (or revived) to maintain (or obtain a new) place of Priority. However, properly speaking, it is the lien that is revived not the Judgment. There is no outer time limit to executing against real property to Satisfy a judgment, but the proceeds of such a sale must be distributed of liens According to the priority …

I have produced both the docket entries, that were repeatedly hidden from the courts, and two Forensic Analyst Reports, showing numerous alterations in both the docket entries and the defendant judgment lien docket, as well as documents themselves as maintained in the Schuylkill County Prothonotary's Office. I never received a hearing on the Objection.

In addition, to the false advertising, no affidavit notice to creditors, lien holders, there was no money to distribute. They claim they gave the Sheriff, $188.76, after being sued by the Sheriff, and no return of sale filed for over nine years. Compare, Durrett, supra, and In Re: Ruebeck, 55 B.R. 163 (Bankr. D. Mass. 1985). As to fair value, fraudulent transfers, and not shocking the conscience and conducting a sale in the same manner that a prudent man would advertise his own property for sale. (No certificate to any lien-holders for a fair value hearing). See, Litton Loan Servicing (to Homecomings, my senior-lien holder, mortgage company) Response Debtor's Objection of Proof of Claim, no. 7…Respondent has no information with regard to an alleged Sheriff's Sale taking place on November 18, 1983). Indeed, there was no showing of a strength of that title, for Quiet Title.

Clearly, both the Schuylkill County Court, and the Bankruptcy Court, has a problem, as more clearing stated in my adversaries. Indeed, as Judge Thomas, stated at the January 5, 2006, hearing in his courtroom, Peter must pay his creditors, including, that first seniority lien, and all who have been defrauded. But Peter, is not the one who defrauded those creditors. As a matter of law, the Sheriff's deed is void, as a matter of law Judge Dolbin's decision is void, (indispensable parties and lack of subject issue matter, as well as they cannot establish their title with the sheriff's deed). See, Schuylkill County Assessment Bureau Cards, with false Grantor of Anthony and



Claudia Kovalchick, and their affidavit, swearing they never were title-holders of Peter's Property, nor were they served any Writ of Possession, contrary to the sworn testimony Of Thomas Groshens, Esq. before you on January 24, 2006. No Grantor for Anthony and Helen Kovalchick in chain to R/S Financial Corp., also they were defendants in the Quiet Title Action, as evidenced on the Decision itself.

Therefore, the issue of fraudulent conveyance through the processes of the Schuylkill County Court, to R/S Financial, and the lack of protection in this court to safeguard the Senior lien-holders, and my estate, under the bankruptcy code for a fresh and equal Protection of creditors, leaves this court and I believe your unique position of being both The Trustee and now the Judge on the case, with a serious problem. Somewhere in between the proceedings which I have recited, you became a Bankruptcy Judge.

I did not get a fair hearing before you. I was not allowed to develop my case at hearing in an organized manner, through sworn testimony of my witnesses and then putting into evidence the relevant documents, to prove my preliminary claim. I also, believe that the Attorneys, have continued the fraud upon the court as more deeply discussed in my Brief In Opposition to the R/S Financial Motion to Dismiss at 05-50295. What little I was able to present was credible evidence that demonstrated a fraud was continuing to be perpetrated upon the court.

I went into detail regarding, my issuing of subpoenas, a false representation is being made by all attorneys, who do not want their clients to testify in court in connection with this case. Judge Thomas did not say I can not issue any subpoenas, he said that I needed to get permission first. I did that with you through your office to Irma Wihil, I don't know if that is how she spells her name, but she said, "Let me talk to the Judge and I will call you back." She called back a half hour later and said, "The Judge said yes, deliver your subpoenas, but make sure you include a check for the fees for them to appear." Which I did, and the court is not accurately recording what happened. I have a right under both rule and case law to serve subpoenas, how in this world could anyone as a litigant be able to establish the evidence and truth through testimony, without subpoena power. It's totally ridiculous.

I believe, this court has come to a juncture, where this matter must be turned over to the F.B.I. and the U.S. Attorney. There is a clear and obvious perversion of the bankruptcy processes by the R/S Financial Corp. (Incidentally, I cannot find a physical location from which they are operating, in violation of both State and Federal Law). I have been receiving letters from my mortgage company, I am referring them to the Bankruptcy Court, the Trustees Office and demanding my plan be approved.

3

In Judge Alito's (3rd circuit) hearings for confirmation to the U.S. Supreme Court, he Stated:

      1. A Judge should not have a client;

      2. A Judge should not have a preferred outcome;  and

      3. A Judge should not have an agenda.

I believe you need to analyze this information for your recusal.

I am sending a copy to various persons of interest in this matter.

Very truly yours,

Peter Kovalchick

Enc.: documents, evidencing Mary France, assistant Trustee, on my bankruptcy at 01-03870; Response of Litton to Objection to Proof of Claim, Judge Scholl's decision, (who did not see the docket entries and documents evidencing the extrinsic fraud in the default judgment filed by R/S Financial Corp., see page 16), Schuylkill County Assessment Cards, which show no grantor from Anthony and Helen Kovalchick to R/S Financial Corp. and a false Grantors as Anthony and Claudia Kovalchick to R/S Financial Corp., for my property.   (Allegedly transferred upon a letter presented to the Assessment Bureau by Sprague & Sprague), copy of Justice Department, U.S. Trustee Program, duties, sworn affidavit of Anthony and Clauda Kovalchick, showing the fraud being perpetrated upon the court by R/S Financial Corp., through Sprague & Sprague.

cc: Judge Thomas
    R/S Financial Corp., c/o Sprague & Sprague
    Franklin Credit, successor to Litton, for Homecomings Financial
    Homecomings, Texas Office
    IRS
    Pennsylvania Dept. of Revenue
    HFTA Consumer Discount Co., et al.
    First Union Bank
Taylor Williams, Esq.

Troy Sellars,  Attorney for U.S. Trustee

U. S. Trustee
Donna-Lyn Gerhart
Michael and Cathy Kovalchick
Anthony Kovalchick, Jr. and Claudia Kovalchick

4

Susan Faust, Administrator of the Estate of Helen Kovalchick
Anthony Kovalchick, Sr.
Charles DeHart, III, Chapter 13 Trustee for Helen Kovalchick

5

Live Database Area - Docket Report

TRANSIN

# U.S. Bankruptcy Court
## Eastern District of Pennsylvania (Reading)
### Adversary Proceeding #: 06-02008-ref

*Assigned to:* Judge Richard E. Fehling
*Related BK Case:*
*Related BK Title:*
*Demand:* $30000000
*Nature of Suit:* 434

*Date Filed:* 03/08/06

**Plaintiff**
_____

**Peter Kovalchick**
411 Schuylkill Avenue
Tamaqua, PA 18252

represented by **Peter Kovalchick**
PRO SE

V.

**Defendant**
_____

**R/S Financial Corporation**

represented by **THOMAS E. GROSHENS**
Sprague & Sprague
135 S. 19th Street
Suite 400
Wellington Bldg.
Philadelphia, PA 19103
215-561-7681
Email:
tgroshens@spragueandsprague.com
*LEAD ATTORNEY*

**Robert J. Rosenstein**

represented by **THOMAS E. GROSHENS**
(See above for address)
*LEAD ATTORNEY*

**Miriam Smalls**

represented by **THOMAS E. GROSHENS**
(See above for address)
*LEAD ATTORNEY*

**Richard A. Sprague**

represented by **THOMAS E. GROSHENS**
(See above for address)
*LEAD ATTORNEY*

**Sprague and Sprague**

represented by **THOMAS E. GROSHENS**
(See above for address)

Exhibit "4"

9 Pages

*LEAD ATTORNEY*

Charles J. Hardy, Esq.                    represented by  **THOMAS E. GROSHENS**
                                                          (See above for address)
                                                          *LEAD ATTORNEY*

Thomas Groshens                           represented by  **THOMAS E. GROSHENS**
                                                          (See above for address)
                                                          *LEAD ATTORNEY*

| Filing Date | # | Docket Text |
|-------------|---|-------------|
| 03/27/2006 |    | Corrective Entry re: Notice of (related document(s): 4 Motion to Dismiss Adversary Proceeding (related document(s)5). **Entry Modified To Edit Time Of Hearing From "9:30 P.M." To "9:30 A.M."** (P., Violet) (Entered: 03/27/2006) |
| 03/21/2006 | 10 | Document in re: Letter dated March 20, 2006, from Plaintiff re: Motion for the Recusal/Disqualification of Richard E. Fehling, Bankruptcy Judge Filed by Peter Kovalchick (related document(s)6). (R., Sara) (Entered: 03/21/2006) |
| 03/14/2006 | 9 | Motion For Sanctions Against Defendants Filed by Peter Kovalchick Represented by Self(Counsel). (Attachments: # 1 Proposed Order # 2 Certificate of Service# 3 Exhibit A# 4 Exhibit B# 5 Exhibit C# 6 Exhibit D# 7 Exhibit E) (R., Sara) (Entered: 03/14/2006) |
| 03/14/2006 | 8 | Motion to Strike the Second Motion of Defendants to Dismiss Debtor's Complaint for Injuction Filed by Peter Kovalchick Represented by Self(Counsel). (Attachments: # 1 Proposed Order # 2 Certificate of Service# 3 Exhibit A# 4 Exhibit B# 5 Exhibit C# 6 Exhibit D# 7 Exhibit E) (R., Sara) (Entered: 03/14/2006) |
| 03/14/2006 | 7 | Certificate of Service of Motion for Default Judgment Filed by Peter Kovalchick Represented by Self Filed by Peter Kovalchick (related document(s)3). (Attachments: # 1 Certificate of Service) (R., Sara) (Entered: 03/14/2006) |
| 03/09/2006 | 6 | Motion for the Recusal/Disqualification of Richard E. Fehling, Bankruptcy Judge Filed by Peter Kovalchick Represented by Self (Counsel). (Attachments: # 1 Proposed Order # 2 Affidavit# 3 Certificate of Service# 4 Exhibit 1# 5 Exhibit 2# (6) Exhibit 3# 7 Exhibit 4# 8 Exhibit 5# 9 Exhibit 6# 10 Exhibit 7# 11 Exhibit 8) (R., Sara) (Entered: 03/10/2006) |
| 03/09/2006 | 5 | Notice of (related document(s): 4 Motion to Dismiss Adversary Proceeding *(Complaint for Injunction)*) Filed by Thomas Groshens, |

| | | Charles J. Hardy Esq., R/S Financial Corporation, Robert J. Rosenstein, Miriam Smalls, Richard A. Sprague, Sprague and Sprague. Hearing scheduled for 4/6/2006 at 09:30 AM at mad - Courtroom 1, Third Floor. (GROSHENS, THOMAS) Modified on 3/27/2006 (S., Barbara).**Corrected to reflect correct hearing time** (Entered: 03/09/2006) |
|---|---|---|
| 03/09/2006 | 4 | Motion to Dismiss Adversary Proceeding *(Complaint for Injunction)* Filed by Thomas Groshens, Charles J. Hardy Esq., R/S Financial Corporation, Robert J. Rosenstein, Miriam Smalls, Richard A. Sprague, Sprague and Sprague Represented by THOMAS E. GROSHENS (Counsel). (Attachments: # 1 Proposed Order Proposed Order# 2 Service List Certificate of Service) (GROSHENS, THOMAS) (Entered: 03/09/2006) |
| 03/09/2006 | | Receipt Number 00145332, Fee Amount $250.00 (related document (s)1). Fee Paid on Januray 9, 2006, in Middle District (Wilkes-Barre). (R., Sara). (Entered: 03/09/2006) |
| 03/08/2006 | 3 | Motion for Default Judgment Filed by Peter Kovalchick Represented by Self(Counsel). (Attachments: # 1 Proposed Order for R/S Financial Corp.# 2 Proposed Order for Robert J. Rosentein# 3 Proposed Order for Miriam Smalls# 4 Proposed Order for Richard A. Sprague# 5 Proposed Order for Sprague and Sprague# 6 Proposed Order for Charles Hardy, Esq.# 7 Proposed Order for Thomas Groshens, Esq.) (R., Sara) (Entered: 03/09/2006) |
| 03/08/2006 | 2 | Objection of Plaintiff to the Motion for Dismissal by Judge J. Thomas filed by Plaintiff Peter Kovalchick. (Attachments: # 1 Certificate of Service# 2 Exhibit 1# 3 Exhibit 2# 4 Exhibit 3) (R., Sara) (Entered: 03/09/2006) |
| 03/08/2006 | 1 | FILE Received From Middle District of Pennsylvania (Wilkes-Barre) Division. 434 (Injunctive Relief): Complaint by Peter Kovalchick against R/S Financial Corporation , Robert J. Rosenstein , Miriam Smalls , Richard A. Sprague , Sprague and Sprague , Charles J. Hardy Esq., Thomas Groshens . Fee Amount $250 . (P., Violet) Additional attachment(s) added on 3/8/2006 (P., Violet). (Entered: 03/08/2006) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 03/28/2006 06:19:55 | | |
| PACER | | Client |

https://ecf.paeb.uscourts.gov/cgi-bin/DktRpt.pl?591991619451738-L_82_0-1          3/28/2006

| Login: | wp0761 | Code: | |
| --- | --- | --- | --- |
| Description: | Docket Report | Search Criteria: | 06-02008-ref Fil or Ent: Fil Doc From: 0 Doc To: 99999999 Term: y Links: n Format: HTMLfmt |
| Billable Pages: | 2 | Cost: | 0.16 |

TransINTRA, CLOSED

**U.S. Bankruptcy Court**
**Middle District of Pennsylvania (Wilkes-Barre)**
**Adversary Proceeding #: 5:06-ap-50006**

*Assigned to:* Richard E Fehling
*Related BK Case:* 01-03870
*Related BK Title:* Peter Charles Kovalchick
*Demand:* $30000000
*Nature of Suit:* 434

*Date Filed:* 01/09/06
*Date Terminated:* 03/08/2006

**Plaintiff**
_____

**Peter Kovalchick**
411 Schuylkill Ave
Tamaqua, PA 18252

represented by **Peter Kovalchick**
PRO SE

**V.**

**Defendant**
_____

**R/S Financial Corporation**

represented by **Thomas E Groshens**
Sprague and Sprague
135 South 19th Street
Philadelphia, PA 19103
215 913-5569
Fax : 215 561-6913
Email:
tgroshens@spragueandsprague.com

**Robert J. Rosenstein**

represented by **Thomas E Groshens**
(See above for address)

**Miriam Smalls**

represented by **Thomas E Groshens**
(See above for address)

**Richard A. Sprague**

represented by **Thomas E Groshens**
(See above for address)

**Sprague and Sprague**

represented by **Thomas E Groshens**
(See above for address)

**Charles J. Hardy, Esq.**

represented by **Thomas E Groshens**
(See above for address)

**Thomas Groshens**

represented by **Thomas E Groshens**
(See above for address)

| Filing Date | # | Docket Text |
|---|---|---|
| 01/09/2006 | 1 | Complaint Filed by Peter Kovalchick against R/S Financial Corporation , Robert J. Rosenstein , Miriam Smalls , Richard A. Sprague , Sprague and Sprague , Charles J. Hardy Esq., Thomas Groshens . Filing Fee due in the amount of $ 250.00 . (Attachments: # 1 Exhibit 1# 2 Exhibit 2# 3 Exhibit 3# 4 Exhibit 4# 5 Exhibit 5# 6 Exhibit 6# 7 Exhibit 7# 8 Exhibit 8# 9 Exhibit 9# 10 Exhibit 10# 11 Exhibit 11 and 18# 12 Exhibit 12# 13 Exhibit 13# 14 Exhibit 14# (15) Exhibit 15# 16 Exhibit 16# 17 Exhibit 17# 18 Exhibit 19# 19 Exhibit 20# 20 Exhibit 21# 21 Exhibit 22# 22 Exhibit 23) 434 (Injunctive Relief) (BC) (Entered: 01/09/2006) |
| 01/09/2006 | 2 | Motion for an emergency Preliminary/Permanent Injunction. Filed by Peter Kovalchick (RE: related document(s)1 ) . (Attachments: # 1 Proposed Order) (BC) (Entered: 01/09/2006) |
| 01/09/2006 | | Receipt of Adversarial Filing Fee - $250.00 Receipt Number: 00145332 (By CReg by BS) (Entered: 01/10/2006) |
| 01/09/2006 | | FeeDueAdP flag removed. (CashReg) (Entered: 01/10/2006) |
| 01/18/2006 | 3 | Letter to the Clerk. Filed by Peter Kovalchick (RE: related document (s)1 ). (BC) (Entered: 01/19/2006) |
| 01/19/2006 | 4 | Order (RE: related document(s)2 ). Hearing scheduled for 1/24/2006 at 11:00 AM at 3rd & Walnut Sts., Bankruptcy Courtroom (3rd Floor), Ronald Reagan Federal Building, Harrisburg, PA. (BW) (Entered: 01/19/2006) |
| 01/19/2006 | 5 | Order of Recusal, Involvement of John J Thomas Terminated. (Attachments: # 1 Certificate of Service) (BC) (Entered: 01/19/2006) |
| 01/19/2006 | 6 | Certificate of Service by Court of Order Scheduling Hearing on Motion for an Emergency Preliminary/Permanent Injunction for January 24, 2006 in Harrisburg. (RE: related document(s)4). (EW) (Entered: 01/19/2006) |
| 01/20/2006 | 7 | Summons issued setting answer date(RE: related document(s)1 ). Answers to Complaint/Summons are due on: 2/19/2006. (BC) (Entered: 01/20/2006) |
| 01/23/2006 | 8 | Motion to Quash Subpoena Pursuant to Fed.R.Bankr.P. No. 9016 and Fed.R.Civ.P. No. 45. (FAXED) Filed by Robert S. Frycklund of Office of the County Solicitor on behalf of Matthew Dudish . (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Proposed Order # 4 |

| | | |
|---|---|---|
| | | Cover sheet and Cover letter) (BW) Additional attachment(s) added on 1/23/2006 (BW). Modified on 1/23/2006 (BW). (Entered: 01/23/2006) |
| 01/23/2006 | 9 | Order Granting Motion To Quash (RE: related document(s)8 ). (Attachments: # 1 Certificate of Service) (BW) (Entered: 01/23/2006) |
| 01/23/2006 | 10 | Corrective Entry: previous attachment omitted/incorrect/incomplete - Certificate of Service and correct Exhibit B. (RE: related document(s) 8 ). (Attachments: # 1 Exhibit B) (BW) (Entered: 01/23/2006) |
| 01/23/2006 | 11 | Memorandum in support. (FAXED) Filed by Robert S. Frycklund of Office of the County Solicitor on behalf of Matthew Dudish (RE: related document(s)8 ). (BW) (Entered: 01/23/2006) |
| 01/23/2006 | 12 | Motion to Quash Subpoena Pursuant to Fed.R.Bankr.P. No. 9016 and Fed.R.Civ.P. No. 45. (FAXED) Filed by Robert S. Frycklund of Office of the County Solicitor on behalf of Darlene Dolzani . (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Proposed Order) (BW) (Entered: 01/23/2006) |
| 01/23/2006 | 13 | Memorandum in support. (FAXED) Filed by Robert S. Frycklund of Office of the County Solicitor on behalf of Darlene Dolzani (RE: related document(s)12 ). (BW) *Modified on 1/25/2006 to add text. (BW)* (Entered: 01/23/2006) |
| 01/23/2006 | 14 | Order Granting Motion To Quash (RE: related document(s)12 ). (Attachments: # 1 Certificate of Service) (BW) (Entered: 01/23/2006) |
| 01/23/2006 | 15 | Motion to Quash *Subpoenas issued to Robert J. Rosenstein, Miriam Small, Richard A. Sprague, Esq., Charles J. Hardy, Esq., and Thomas E. Groshens, Esq.* Filed by Thomas E Groshens of Sprague and Sprague on behalf of Thomas Groshens, Charles J. Hardy Esq., R/S Financial Corporation, Robert J. Rosenstein, Miriam Smalls, Richard A. Sprague. (Groshens, Thomas) *Modified on 1/24/2006 to remove incorrect party. (BW)* (Entered: 01/23/2006) |
| 01/23/2006 | 16 | Order Granting Motion To Quash (RE: related document(s)15 ). (Attachments: # 1 Certificate of Service via facsimile# 2 Certificate of Service) (BW) (Entered: 01/24/2006) |
| 01/24/2006 | 17 | Motion to Dismiss Plaintiff's Complaint for Injunction and Motion to Prohibit Plaintiff from filing further actions involving Judge Dolbin without leave of Court. Filed by A. Taylor Williams of Administrative Office of PA Courts on behalf of Cyrus P. Dolbin, Judge of Common Pleas Court of Schuylkill County (RE: related document(s)1 ) . (BC) Additional attachment(s) added on 1/24/2006 |

| | | (BC). (Entered: 01/24/2006) |
|---|---|---|
| 01/24/2006 | 18 | Brief in Support of Motion to Dismiss. Filed by A. Taylor Williams of Administrative Office of PA Courts on behalf of Cyrus P. Dolbin, Judge of Common Pleas Court of Schuylkill County (RE: related document(s)17 ). (BC) (Entered: 01/24/2006) |
| 01/24/2006 | 19 | Proceeding Memo hearing held. Record made. *Motion denied, court to prepare order.* Appearances: Thomas Groshens, Esquire; Taylor Williams, Esquire, Mark Morrison, Esquire, Peter Kovalchick. Non-Appearances: N/A. (There is no image or paper document associated with this entry.) (RE: related document(s)2 ). (DR) (Entered: 01/24/2006) |
| 01/24/2006 | 20 | Original Document Filed by Robert S. Frycklund of Office of the County Solicitor on behalf of Matthew Dudish (RE: related document (s)8 ). (BW) (Entered: 01/25/2006) |
| 01/24/2006 | 21 | Original Document Filed by Robert S. Frycklund of Office of the County Solicitor on behalf of Matthew Dudish (RE: related document (s)11 ). (BW) (Entered: 01/25/2006) |
| 01/24/2006 | 22 | Original Document Filed by Robert S. Frycklund of Office of the County Solicitor on behalf of Darlene Dolzani (RE: related document (s)12 ). (BW) (Entered: 01/25/2006) |
| 01/24/2006 | 23 | Original Document Filed by Robert S. Frycklund of Office of the County Solicitor on behalf of Darlene Dolzani (RE: related document (s)13 ). (BW) (Entered: 01/25/2006) |
| 01/25/2006 | 24 | Order Denying Motion For Emergency Preliminary/Permanent Injunction (RE: related document(s)2 ). (Attachments: # 1 Certificate of Service) (BW) (Entered: 01/26/2006) |
| 01/31/2006 | 25 | Correspondence to Judge France with enclosures. Filed by Peter Kovalchick . (BC) (Entered: 01/31/2006) |
| 01/31/2006 | 26 | Certificate of Service of Summons. Filed by Peter Kovalchick (RE: related document(s)7 ). (BC) (Entered: 01/31/2006) |
| 02/10/2006 | 27 | Transcript of testimony (with attached exhibits)of Hearing held 01/24/06 by Judge Mary D. France(RE: related document(s)[19] ). (JG) (Entered: 02/13/2006) |
| 02/14/2006 | 28 | Plaintiff's Opposition to the Motion to Dismiss of Defendant Judge Dolbin, and to the Motion to Quash the Subpoena served upon him to testify in the above-captioned matter. Filed by Peter Kovalchick (RE: |

|  |  |  |
|---|---|---|
|  |  | related document(s)17 ). (Attachments: # 1 Exhibit 1# 2 Exhibit 2# 3 Exhibit 3# 4 Exhibit 4# 5 Exhibit 5# 6 Exhibit 6# 7 Exhibit 7# 8 Exhibit 8) (BC) (Entered: 02/21/2006) |
| 02/21/2006 | 29 | Motion to Dismiss Adversary Proceeding , *captioned as Debtor's "Complaint for Injunction,"* Filed by Thomas E Groshens of Sprague and Sprague on behalf of Thomas Groshens, Charles J. Hardy Esq., R/S Financial Corporation, Robert J. Rosenstein, Miriam Smalls, Richard A. Sprague, Sprague and Sprague (RE: related document(s) 1 ). (Groshens, Thomas) (Entered: 02/21/2006) |
| 02/21/2006 | 30 | Motion to Dismiss Party *(Bankruptcy Judge Thomas)* Filed by D Brian Simpson of United States Attorney's Office-MDP on behalf of John J. Thomas, Chief Judge of Bankruptcy Court, Middle District of Pennsylvania. (Attachments: # 1 Proposed Order) (Simpson, D) (Entered: 02/21/2006) |
| 02/21/2006 | 31 | Memorandum *of Law in Support of Motion to Dismiss Bankruptcy Judge Thomas as a Party* Filed by D Brian Simpson of United States Attorney's Office-MDP on behalf of John J. Thomas, Chief Judge of Bankruptcy Court, Middle District of Pennsylvania (RE: related document(s)30 ). (Simpson, D) (Entered: 02/21/2006) |
| 02/21/2006 | 32 | Amended Motion to Dismiss Adversary Proceeding , *captioned "Complaint for Injunction," with proposed form of Order* Filed by Thomas E Groshens of Sprague and Sprague on behalf of Thomas Groshens, Charles J. Hardy Esq., R/S Financial Corporation, Robert J. Rosenstein, Miriam Smalls, Richard A. Sprague, Sprague and Sprague (RE: related document(s)1 ). (Groshens, Thomas) (Entered: 02/21/2006) |
| 02/22/2006 | 33 | Order of Recusal, Involvement of Mary D France Terminated. (Attachments: # 1 Certificate of Service) (BW) (Entered: 02/24/2006) |
| 03/06/2006 | 34 | Affidavit regarding Default Re: Charles Hardy Filed by Peter Kovalchick (RE: related document(s)32 ). (Attachments: # 1 Affidavit Re: Miriam Smalls# 2 Affidavit Re: Richard Sprague# 3 Affidavit Re: Robert Rosenstein# 4 Affidavit Re: R/S Financial# 5 Affidavit Re: Sprague and Sprague# 6 Affidavit Re: Thomas Groshens) (BC) (Entered: 03/07/2006) |
| 03/06/2006 | 35 | Order Assigning Adversary Proceeding to another division (Eastern District of Pennsylvania). (BC) Additional attachment(s) added on 3/8/2006 (BC). (Entered: 03/08/2006) |
| 03/08/2006 |  | Adversary Proceeding 5-06-ap-50006 Closed. (BC) (Entered: 03/08/2006) |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:
PETER KOVALCHICK,
          Debtor

PETER KOVALCHICK,
          Plaintiff

Indispensible and Necessary Parties

CYRUS P. DOLBIN, JUDGE
OF SCHUYLKILL COUNTY
COURT OF COMMON PLEAS

JOHN J. THOMAS, CHIEF JUDGE OF
BANKRUPTCY COURT, MIDDLE
DISTRICT OF PENNSYLVANIA

     v.

R/S FINANCIAL CORP., ROBERT J.
ROSENSTEIN, MIRIAM SMALLS,
RICHARD A. SPRAGUE, SPRAGUE &
SPRAGUE, CHARLES J. HARDY, AND
THOMAS GROSHENS,

        Defendants

Chapter 11

Case No. 5:01-bk-03870

Adversary No. 5:06-ap-50006

---

### DESIGNATION OF BANKRUPTCY JUDGE
### FOR SERVICE IN ANOTHER DISTRICT WITHIN THE CIRCUIT

---

Pursuant to the provisions of 28 U.S.C. § 155(a), and after satisfying myself

that it is in the public interest to do so, I do hereby designate and assign the Honorable

Richard E. Fehling of the Eastern District of Pennsylvania for such a period as is

necessary for the disposition of the above-entitled adversary matter.

_____

Anthony J. Scirica, Chief Judge
United States Court of Appeals
for the Third Circuit

2

**TransINTRA, ReopAP**

## U.S. Bankruptcy Court
## Middle District of Pennsylvania (Wilkes-Barre)
## Adversary Proceeding #: 5:06-ap-50006

*Assigned to:* Richard E Fehling
*Related BK Case:* 01-03870
*Related BK Title:* Peter Charles Kovalchick          *Date Filed:* 01/09/06
*Demand:* $30000000
*Nature of Suit:* 434

**Plaintiff**
---------------

**Peter Kovalchick**                    represented by  **Peter Kovalchick**
411 Schuylkill Ave                                      PRO SE
Tamaqua, PA 18252

V.

**Defendant**
---------------

**R/S Financial Corporation**           represented by  **Thomas E Groshens**
                                                        Sprague and Sprague
                                                        135 South 19th Street
                                                        Philadelphia, PA 19103
                                                        215 913-5569
                                                        Fax : 215 561-6913
                                                        Email:
                                                        tgroshens@spragueandsprague.com

**Robert J. Rosenstein**                represented by  **Thomas E Groshens**
                                                        (See above for address)

**Miriam Smalls**                       represented by  **Thomas E Groshens**
                                                        (See above for address)

**Richard A. Sprague**                  represented by  **Thomas E Groshens**
                                                        (See above for address)

**Sprague and Sprague**                 represented by  **Thomas E Groshens**
                                                        (See above for address)

**Charles J. Hardy, Esq.**              represented by  **Thomas E Groshens**
                                                        (See above for address)

**Thomas Groshens**                     represented by  **Thomas E Groshens**
                                                        (See above for address)

| Filing Date | # | Docket Text |
|---|---|---|
| 03/30/2006 | 39 | Corrective Entry. "Filed Date" should be 3/8/2006. (RE: related document(s)37 ). (BC) (Entered: 03/30/2006) |
| 03/29/2006 | 47 | Response to Motion to Strike. Filed by Thomas E Groshens of Sprague and Sprague on behalf of Thomas Groshens , Charles J. Hardy Esq., R/S Financial Corporation , Robert J. Rosenstein , Miriam Smalls , Richard A. Sprague , Sprague and Sprague (RE: related document(s)43 ). (Attachments: # 1 Proposed Order) (BC) (Entered: 03/30/2006) |
| 03/29/2006 | 46 | Order Denying Motion for the Recusal/Disqualification of Richard E. Fehling, Bankruptcy Judge. Further Ordered that venue in this matter remain in the US Bankruptcy Court for the Middle District of Pennsylvania. All Documents filed in US Bankruptcy Court for the Eastern District of PA shall immediately be transferred to the Middle District (Wilkes-Barre). The docket in the Middle District shall be reopened and all matters entered in the Eastern District shall be re-entered in the Middle District preserving all dates of filing as entered in the Eastern District. Docket in the Eastern District shall be closed. Further Ordered that the hearing presently scheduled in the Eastern District of PA on defendant's motion to dismiss and any and all other hearings scheduled in either District are hereby postponed indefinitely and the parties shall appear before the Hon. Richard E. Fehling on 04/26/06 at 11:00 a.m., Courtroom 1 at mad. (RE: related document (s)41 ). (BC) (Entered: 03/30/2006) |
| 03/21/2006 | 45 | Correspondence Filed by Peter Kovalchick (RE: related document(s) 41 ). (BC) (Entered: 03/30/2006) |
| 03/14/2006 | 44 | Motion to impose sanctions against Defendants Filed by Peter Kovalchick . (Attachments: # 1 Proposed Order # 2 Certificate of Service # 3 Exhibit A# 4 Exhibit B# 5 Exhibit C# 6 Exhibit D# 7 Exhibit E) (BC) (Entered: 03/30/2006) |
| 03/14/2006 | 43 | Motion to Strike Filed by Peter Kovalchick (RE: related document(s) 38 ) . (Attachments: # 1 Proposed Order # 2 Certificate of Service # 3 Exhibit A# 4 Exhibit B# 5 Exhibit C# 6 Exhibit D# 7 Exhibit E) (BC) (Entered: 03/30/2006) |
| 03/14/2006 | 42 | Certificate of Service Filed by Peter Kovalchick (RE: related document(s)37 ). (Attachments: # 1 Certificate of Service) (BC) (Entered: 03/30/2006) |
| 03/09/2006 | 41 | Motion for the Recusal/Disqualification of Judge Richard E. Fehling, |

| | | |
|---|---|---|
| | | Bankruptcy Judge Filed by Peter Kovalchick . (Attachments: # 1 Proposed Order # 2 Affidavit # 3 Certificate of Service # 4 Exhibit 1# 5 Exhibit 2# 6 Exhibit 3# 7 Exhibit 4# 8 Exhibit 5# 9 Exhibit 6# 10 Exhibit 7# 11 Exhibit 8) (BC) (Entered: 03/30/2006) |
| 03/09/2006 | 40 | Notice of Motion. Hrg. scheduled for 4/6/2006 in Reading. Filed by Thomas E Groshens of Sprague and Sprague on behalf of Thomas Groshens , Charles J. Hardy Esq., R/S Financial Corporation , Robert J. Rosenstein , Miriam Smalls , Richard A. Sprague , Sprague and Sprague (RE: related document(s)38 ). (BC) (Entered: 03/30/2006) |
| 03/09/2006 | 38 | Motion to Dismiss Adversary Proceeding Filed by Thomas E Groshens of Sprague and Sprague on behalf of Thomas Groshens , Charles J. Hardy Esq., R/S Financial Corporation , Robert J. Rosenstein , Miriam Smalls , Richard A. Sprague , Sprague and Sprague (RE: related document(s)1 ) . (Attachments: # 1 Proposed Order # 2 Certificate of Service) (BC) (Entered: 03/30/2006) |
| 03/08/2006 | 37 | Motion for Default Judgment Filed by Peter Kovalchick (RE: related document(s)1 ) . (Attachments: # 1 Proposed Order for R/S Financial# 2 Proposed Order for Robert J. Rosenstein# 3 Proposed Order for Miriam Smalls# 4 Proposed Order for Richard A. Sprague# 5 Proposed Order for Sprague and Sprague# 6 Proposed Order for Charles Hardy# 7 Proposed Order for Thomas Groshens) (BC) *See Corrective Entry # 38 Modified on 3/30/2006* (RY). (Entered: 03/30/2006) |
| 03/08/2006 | 36 | Objection of Plaintiff to the Motion for Dismissal by Judge J. Thomas Filed by Peter Kovalchick (RE: related document(s)30 ). (Attachments: # 1 Certificate of Service # 2 Exhibit 1# 3 Exhibit 2# 4 Exhibit 3) (BC) (Entered: 03/30/2006) |
| 03/08/2006 | | Adversary Proceeding 5-06-ap-50006 Closed. (BC) (Entered: 03/08/2006) |
| 03/06/2006 | 35 | Order Assigning Adversary Proceeding to another division (Eastern District of Pennsylvania). (BC) Additional attachment(s) added on 3/8/2006 (BC). Additional attachment(s) added on 3/9/2006 (BC). (Entered: 03/08/2006) |
| 03/06/2006 | 34 | Affidavit regarding Default Re: Charles Hardy Filed by Peter Kovalchick (RE: related document(s)32 ). (Attachments: # 1 Affidavit Re: Miriam Smalls# 2 Affidavit Re: Richard Sprague# 3 Affidavit Re: Robert Rosenstein# 4 Affidavit Re: R/S Financial# 5 Affidavit Re: Sprague and Sprague# 6 Affidavit Re: Thomas Groshens) (BC) (Entered: 03/07/2006) |
| 02/22/2006 | 33 | Order of Recusal, Involvement of Mary D France Terminated. |

| | | |
|---|---|---|
| | | (Attachments: # 1 Certificate of Service) (BW) (Entered: 02/24/2006) |
| 02/21/2006 | 32 | Amended Motion to Dismiss Adversary Proceeding, *captioned "Complaint for Injunction," with proposed form of Order* Filed by Thomas E Groshens of Sprague and Sprague on behalf of Thomas Groshens, Charles J. Hardy Esq., R/S Financial Corporation, Robert J. Rosenstein, Miriam Smalls, Richard A. Sprague, Sprague and Sprague (RE: related document(s)1 ). (Groshens, Thomas) (Entered: 02/21/2006) |
| 02/21/2006 | 31 | Memorandum *of Law in Support of Motion to Dismiss Bankruptcy Judge Thomas as a Party* Filed by D Brian Simpson of United States Attorney's Office-MDP on behalf of John J. Thomas, Chief Judge of Bankruptcy Court, Middle District of Pennsylvania (RE: related document(s)30 ). (Simpson, D) (Entered: 02/21/2006) |
| 02/21/2006 | 30 | Motion to Dismiss Party *(Bankruptcy Judge Thomas)* Filed by D Brian Simpson of United States Attorney's Office-MDP on behalf of John J. Thomas, Chief Judge of Bankruptcy Court, Middle District of Pennsylvania. (Attachments: # 1 Proposed Order) (Simpson, D) (Entered: 02/21/2006) |
| 02/21/2006 | 29 | Motion to Dismiss Adversary Proceeding, *captioned as Debtor's "Complaint for Injunction,"* Filed by Thomas E Groshens of Sprague and Sprague on behalf of Thomas Groshens, Charles J. Hardy Esq., R/S Financial Corporation, Robert J. Rosenstein, Miriam Smalls, Richard A. Sprague, Sprague and Sprague (RE: related document(s) 1 ). (Groshens, Thomas) (Entered: 02/21/2006) |
| 02/14/2006 | 28 | Plaintiff's Opposition to the Motion to Dismiss of Defendant Judge Dolbin, and to the Motion to Quash the Subpoena served upon him to testify in the above-captioned matter. Filed by Peter Kovalchick (RE: related document(s)17 ). (Attachments: # 1 Exhibit 1# 2 Exhibit 2# 3 Exhibit 3# 4 Exhibit 4# 5 Exhibit 5# 6 Exhibit 6# 7 Exhibit 7# 8 Exhibit 8) (BC) (Entered: 02/21/2006) |
| 02/10/2006 | 27 | Transcript of testimony (with attached exhibits)of Hearing held 01/24/06 by Judge Mary D. France(RE: related document(s)[19] ). (JG) (Entered: 02/13/2006) |
| 01/31/2006 | 26 | Certificate of Service of Summons. Filed by Peter Kovalchick (RE: related document(s)7 ). (BC) (Entered: 01/31/2006) |
| 01/31/2006 | 25 | Correspondence to Judge France with enclosures. Filed by Peter Kovalchick . (BC) (Entered: 01/31/2006) |
| 01/25/2006 | 24 | Order Denying Motion For Emergency Preliminary/Permanent |

| | | |
|---|---|---|
| | | Injunction (RE: related document(s)2 ). (Attachments: # 1 Certificate of Service) (BW) (Entered: 01/26/2006) |
| 01/24/2006 | 23 | Original Document Filed by Robert S. Frycklund of Office of the County Solicitor on behalf of Darlene Dolzani (RE: related document (s)13 ). (BW) (Entered: 01/25/2006) |
| 01/24/2006 | 22 | Original Document Filed by Robert S. Frycklund of Office of the County Solicitor on behalf of Darlene Dolzani (RE: related document (s)12 ). (BW) (Entered: 01/25/2006) |
| 01/24/2006 | 21 | Original Document Filed by Robert S. Frycklund of Office of the County Solicitor on behalf of Matthew Dudish (RE: related document (s)11 ). (BW) (Entered: 01/25/2006) |
| 01/24/2006 | 20 | Original Document Filed by Robert S. Frycklund of Office of the County Solicitor on behalf of Matthew Dudish (RE: related document (s)8 ). (BW) (Entered: 01/25/2006) |
| 01/24/2006 | 19 | Proceeding Memo hearing held. Record made. *Motion denied, court to prepare order.* Appearances: Thomas Groshens, Esquire; Taylor Williams, Esquire; Mark Morrison, Esquire, Peter Kovalchick. Non-Appearances: N/A. (There is no image or paper document associated with this entry.) (RE: related document(s)2 ). (DR) (Entered: 01/24/2006) |
| 01/24/2006 | 18 | Brief in Support of Motion to Dismiss. Filed by A. Taylor Williams of Administrative Office of PA Courts on behalf of Cyrus P. Dolbin, Judge of Common Pleas Court of Schuylkill County (RE: related document(s)17 ). (BC) (Entered: 01/24/2006) |
| 01/24/2006 | 17 | Motion to Dismiss Plaintiff's Complaint for Injunction and Motion to Prohibit Plaintiff from filing further actions involving Judge Dolbin without leave of Court. Filed by A. Taylor Williams of Administrative Office of PA Courts on behalf of Cyrus P. Dolbin, Judge of Common Pleas Court of Schuylkill County (RE: related document(s)1 ). (BC) Additional attachment(s) added on 1/24/2006 (BC). (Entered: 01/24/2006) |
| 01/23/2006 | 16 | Order Granting Motion To Quash (RE: related document(s)15 ). (Attachments: # 1 Certificate of Service via facsimile# 2 Certificate of Service) (BW) (Entered: 01/24/2006) |
| 01/23/2006 | 15 | Motion to Quash *Subpoenas issued to Robert J. Rosenstein, Miriam Small, Richard A. Sprague, Esq., Charles J. Hardy, Esq., and Thomas E. Groshens, Esq.* Filed by Thomas E Groshens of Sprague and Sprague on behalf of Thomas Groshens, Charles J. Hardy Esq., R/S |

| | | |
|---|---|---|
| | | Financial Corporation, Robert J. Rosenstein, Miriam Smalls, Richard A. Sprague. (Groshens, Thomas) *Modified on 1/24/2006 to remove incorrect party. (BW)* (Entered: 01/23/2006) |
| 01/23/2006 | 14 | Order Granting Motion To Quash (RE: related document(s)12 ). (Attachments: # 1 Certificate of Service) (BW) (Entered: 01/23/2006) |
| 01/23/2006 | 13 | Memorandum in support. (FAXED) Filed by Robert S. Frycklund of Office of the County Solicitor on behalf of Darlene Dolzani (RE: related document(s)12 ). (BW) *Modified on 1/25/2006 to add text. (BW)* (Entered: 01/23/2006) |
| 01/23/2006 | 12 | Motion to Quash Subpoena Pursuant to Fed.R.Bankr.P. No. 9016 and Fed.R.Civ.P. No. 45. (FAXED) Filed by Robert S. Frycklund of Office of the County Solicitor on behalf of Darlene Dolzani . (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Proposed Order) (BW) (Entered: 01/23/2006) |
| 01/23/2006 | 11 | Memorandum in support. (FAXED) Filed by Robert S. Frycklund of Office of the County Solicitor on behalf of Matthew Dudish (RE: related document(s)8 ). (BW) (Entered: 01/23/2006) |
| 01/23/2006 | 10 | Corrective Entry: previous attachment omitted/incorrect/incomplete - Certificate of Service and correct Exhibit B. (RE: related document(s) 8 ). (Attachments: # 1 Exhibit B) (BW) (Entered: 01/23/2006) |
| 01/23/2006 | 9 | Order Granting Motion To Quash (RE: related document(s)8 ). (Attachments: # 1 Certificate of Service) (BW) (Entered: 01/23/2006) |
| 01/23/2006 | 8 | Motion to Quash Subpoena Pursuant to Fed.R.Bankr.P. No. 9016 and Fed.R.Civ.P. No. 45. (FAXED) Filed by Robert S. Frycklund of Office of the County Solicitor on behalf of Matthew Dudish . (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Proposed Order # 4 Cover sheet and Cover letter) (BW) Additional attachment(s) added on 1/23/2006 (BW). Modified on 1/23/2006 (BW). (Entered: 01/23/2006) |
| 01/20/2006 | 7 | Summons issued setting answer date(RE: related document(s)1 ). Answers to Complaint/Summons are due on: 2/19/2006. (BC) (Entered: 01/20/2006) |
| 01/19/2006 | 6 | Certificate of Service by Court of Order Scheduling Hearing on Motion for an Emergency Preliminary/Permanent Injunction for January 24, 2006 in Harrisburg. (RE: related document(s)4). (EW) (Entered: 01/19/2006) |
| 01/19/2006 | 5 | Order of Recusal, Involvement of John J Thomas Terminated. |

| | | |
|---|---|---|
| | | (Attachments: # 1 Certificate of Service) (BC) (Entered: 01/19/2006) |
| 01/19/2006 | 4 | Order (RE: related document(s)2 ). Hearing scheduled for 1/24/2006 at 11:00 AM at 3rd & Walnut Sts., Bankruptcy Courtroom (3rd Floor), Ronald Reagan Federal Building, Harrisburg, PA. (BW) (Entered: 01/19/2006) |
| 01/18/2006 | 3 | Letter to the Clerk. Filed by Peter Kovalchick (RE: related document (s)1 ). (BC) (Entered: 01/19/2006) |
| 01/09/2006 | | FeeDueAdP flag removed. (CashReg) (Entered: 01/10/2006) |
| 01/09/2006 | | Receipt of Adversarial Filing Fee - $250.00 Receipt Number: 00145332 (By CReg by BS) (Entered: 01/10/2006) |
| 01/09/2006 | 2 | Motion for an emergency Preliminary/Permanent Injunction. Filed by Peter Kovalchick (RE: related document(s)1 ) . (Attachments: # 1 Proposed Order) (BC) (Entered: 01/09/2006) |
| 01/09/2006 | 1 | Complaint Filed by Peter Kovalchick against R/S Financial Corporation , Robert J. Rosenstein , Miriam Smalls , Richard A. Sprague , Sprague and Sprague , Charles J. Hardy Esq., Thomas Groshens . Filing Fee due in the amount of $ 250.00 . (Attachments: # 1 Exhibit 1# 2 Exhibit 2# 3 Exhibit 3# 4 Exhibit 4# 5 Exhibit 5# 6 Exhibit 6# 7 Exhibit 7# 8 Exhibit 8# 9 Exhibit 9# 10 Exhibit 10# 11 Exhibit 11 and 18# 12 Exhibit 12# 13 Exhibit 13# 14 Exhibit 14# (15) Exhibit 15# 16 Exhibit 16# 17 Exhibit 17# 18 Exhibit 19# 19 Exhibit 20# 20 Exhibit 21# 21 Exhibit 22# 22 Exhibit 23) 434 (Injunctive Relief) (BC) (Entered: 01/09/2006) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 03/31/2006 10:17:54 | | |
| PACER Login: | wp0761 | Client Code: | |
| Description: | Docket Report | Search Criteria: | 5:06-ap-50006 Fil or Ent: Fil Doc From: 0 Doc To: 99999999 Term: y Links: n Format: HTMLfmt |
| Billable Pages: | 4 | Cost: | 0.32 |

*Debtor.*                                    :
                                             :   No.  01-br-03780
                                             :
_____                    :   _____
                                             :
**PETER KOVALCHICK,**                        :   **Hon. Richard E. Fehling**
                                             :   **Adversary Complaint**
        *Plaintiff,*                         :
                                             :   **No. 06-av-2008-ref**
        v.                                   :
                                             :   **Hearing Date:**
**R/S FINANCIAL CORPORATION,** *et al.,*     :   **April 6, 2006 9:30 a.m.**
                                             :   **The Madison Building**
        *Defendants.*                        :   **400 Washington Street**
                                             :   **Reading, PA 19601**


### MOTION OF DEFENDANTS R/S FINANCIAL CORPORATION, ROBERT J. ROSENSTEIN, MIRIAM SMALLS, RICHARD A. SPRAGUE, ESQ., SPRAGUE & SPRAGUE, CHARLES J. HARDY, ESQ., AND THOMAS E. GROSHENS, ESQ. TO DISMISS DEBTOR'S COMPLAINT FOR INJUNCTION

Defendants R/S Financial Corporation ("R/S Financial"), Robert J. Rosenstein, Miriam

Smalls, Richard A. Sprague, Esquire, Sprague & Sprague, Charles J. Hardy, Esquire, and

Thomas E. Groshens, Esquire, by their undersigned counsel Sprague & Sprague, hereby move to

dismiss Debtor's "Complaint for Injunction" for the reasons set forth below:

1. Debtor's Complaint for Injunction reasserts many of the claims that Debtor brought

against the Sprague Firm and certain of its present and former attorneys in Debtor's "Complaint

for "Disciplinary Action" and Amended Complaint for Disciplinary Action, filed in connection

with Debtor's Chapter 11 action, which remains pending in the United States Bankruptcy Court for the Middle District of Pennsylvania.

2. By Order dated August 16, 2005, the United States Bankruptcy Court for the Middle District of Pennsylvania, per the Honorable John J. Thomas, C.J., dismissed the Complaint for Disciplinary action, and confined any amendment thereof to claims based on alleged improper conduct of Sprague Firm attorneys in connection with the filing of R/S Financial's proof of claim in Debtor's Chapter 11 proceeding, and which Debtor only discovered after the court's rejection of Debtor's objection to R/S Financial's proof of claim, in October, 2002.

3. By Opinion and Order dated March 7, 2006, Judge Thomas Dismissed Debtor's Amended Complaint for Disciplinary Action, holding that the allegations of Debtor's Amended Complaint for Disciplinary Action failed to state a cause of action against any of the defendants.

4. Because Debtor's Complaint for Injunction purports to restate claims well beyond the limited scope of Judge Thomas' August 16, 2005 Order, the claims and causes of action purportedly set forth in Debtor's Complaint for Injunction are barred by the doctrines of the "law of the case" and collateral estoppel.

5. Count I of the Complaint for Injunction, captioned "Theft by Extortion," fails to state a cause of action, and is barred by the judicial privilege doctrine.

6. Count II of the Complaint for Injunction, captioned "illegal conduct – abuse of office – official oppression," fails to state a cause of action, and is barred by the judicial privilege doctrine.

7. Count III of the Complaint for Injunction, captioned "Defrauding secured creditors," fails to state a cause of action, and is barred by the judicial privilege doctrine.

2

8. Count IV of the Complaint for Injunction, captioned "Perjury and falsification in official matters," fails to state a cause of action, and is barred by the judicial privilege doctrine.

9. Count V of the Complaint for Injunction, captioned "Malicious prosecution," fails to

state a cause of action and is barred by the judicial privilege doctrine

10. Count VI of the Complaint for Injunction, captioned "Malicious Retaliation," fails to state a cause of action, and is barred by the judicial privilege doctrine.

11. Count VII of the Complaint for Injunction, captioned "Intentional Infliction of Emotional Distress," fails to state a cause of action, and is barred by the judicial privilege doctrine.

**WHEREFORE,** defendants R/S Financial Corporation, Robert J. Rosenstein, Miriam Smalls, Richard A. Sprague, Esquire, Sprague & Sprague, Charles J. Hardy, Esquire, and Thomas E. Groshens, Esquire request that this Court grant their Motion and Dismiss the Complaint for Injunction with prejudice, in accordance with their proposed form of Order.

                         **SPRAGUE & SPRAGUE**

                         By: /s/ Thomas E. Groshens
                              Richard A. Sprague (Pa. Bar I.D. 04266)
                              Charles J. Hardy (Pa. Bar I.D. 16912)
                              Thomas E. Groshens (Pa. Bar I.D. 51118)
                              Wellington Bldg., Suite 400
                              135 South 19th Street
                              Philadelphia, PA 19103
                              tel: (215) 561-7681
                              fax: (215) 561-0174

                              *Counsel for defendants*

March 9, 2006